Harold E. RYGG and Barbara P. Rygg, Plaintiffs,

v.

UNITED STATES of America and Sylvania Electric Products, Inc., Defendants.

Civ. No. 4532.

United States District Court, D. North Dakota, Southeastern Division.

Dec. 6, 1971.

Kermit Edward Bye, of Wattam, Vogel, Vogel & Peterson, Fargo, N. D., for plaintiffs.

Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., for United States.

James L. Lamb, of Degnan, McElroy, Lamb & Camrud, Grand Forks, N. D., for Sylvania Electric Products, Inc.

## MEMORANDUM AND ORDER

RONALD N. DAVIES, Senior District Judge.

One of the defendants herein, the United States of America, having been sued under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671–2680, has moved for summary judgment on the grounds the action is barred by the applicable statute of limitations, 28 U.S.C. § 2401(b) or, pursuant to the same section, that the amount claimed in the complaint be reduced to $2,500.00, the maximum plaintiffs could have claimed administratively in 1964, the year their claim arose.

It is alleged by the plaintiffs Harold E. and Barbara P. Rygg, husband and wife, that in June of 1964 the United States and its prime contractor,[1] as a part of the Minuteman Missile Wing being constructed in North Dakota, caused to be excavated a trench for the laying of missile cables across property adjacent to land owned by the plaintiffs. It is further alleged that the soil excavated from the trench was placed in a continuous pile several feet high alongside and parallel to the trench in such a negligent manner as to cause the piled soil to serve as a dike or dam which diverted the normal and natural flow of surface water onto the plaintiffs' land, resulting in flooding of approximately 120 acres which remained under water from July of 1964 up to and through the 1969 crop year. Damages in the amount of $40,000.00 are sought.

The record, as presently constituted, reveals that the plaintiffs initially contacted the Army Corps of Engineers (Corps) at their local North Dakota field office concerning the alleged flooding. A Notice of Complaint form was completed August 4, 1964, by a Corps representative setting forth plaintiffs' claim for crop loss of 10 acres of wheat, 10 acres of corn, 15 acres of barley and 12 acres of oats for the 1964 crop year. This complaint was investigated by representatives of the prime contractor which reported to the Corps that there was no justification for the claim as plaintiffs' land was 2.5 miles from the cable route.

When again contacted by the plaintiffs, the Corps prepared a Land Owner Complaint form on November 25, 1964, which set forth a claim for loss of the 1964 crop due to the alleged flooding. The complaint discloses that it was denied on December 14, 1964, but this fact was never communicated to the plaintiffs. In 1965 the plaintiffs were informed by a representative of the Corps that the matter was being transferred to the Department of the Air Force for further processing. Finally in September of 1967 plaintiffs employed counsel who wrote to the Corps requesting that he be furnished the " * * * information and forms necessary to proceed with the [flooding] claim, together with where it should be filed and what data should be included to substantiate it."

Counsel's letter was forwarded by the Corps to the Department of the Air Force for its consideration. The neces-

---

1. Defendant, Sylvania Electric Products, Inc. Proposals seeking affirmative relief raised in the brief filed by Sylvania Electric Products, Inc. have not been considered as they were not properly before the Court.

sary documents were furnished to plaintiffs' counsel, which were completed and submitted to the Department of the Air Force on March 4, 1968, which claimed damages in the amount of $22,686.24. This claim was officially denied by the Department on July 1, 1969, and the plaintiffs so notified. The instant action was then commenced on December 29, 1969.

In considering the Government's motion, made pursuant to § 2401(b), we are concerned only with the provisions of the statute as they existed prior to its being amended in 1966, which were, as far as is here pertinent:

"A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * * or unless, if it is a claim not exceeding $2,500, it is presented in writing to the appropriate Federal agency within two years after such claim accrues * * *. If a claim not exceeding $2,500 has been presented in writing to the appropriate Federal agency within that period of time, suit thereon shall not be barred until the expiration of a period of six months after either the date of withdrawal of such claim from the agency or the date of mailing notice by the agency of final disposition of the claim."

■ An action under the Federal Tort Claims Act would have had to be commenced by the plaintiffs within two years following July 1, 1964, unless the time was extended by the filing of a claim, not exceeding $2,500.00, in writing to the appropriate Federal agency. It is only by filing a claim of that specific description that a claimant might extend the time within which he would ordinarily be required to institute his action. Powers v. United States, 390 F. 2d 602 (9th Cir. 1968). This Court has no jurisdiction to entertain an action not filed within the time prescribed and this limitation is one not capable of waiver nor subject to an estoppel. Driggers v. United States, 309 F.Supp. 1377 (D.S.C. 1970).

■ The only documents that could possibly be construed as claims presented to the appropriate agency[2] by the plaintiffs were the Notice of Complaint form and the Land Owner Complaint form completed by the Corps on August 4th and November 25th, 1964, respectively. Both set forth the claim in terms of crop loss, not monetary damages, and neither can be considered as being a claim "not exceeding $2,500.00" for the purpose of tolling the limitation period in § 2401(b).

■ Also lacking in merit is plaintiffs' contention that failure of the Government to take corrective action to alleviate the flooding constituted a continuing tort and continuing damages in each of the years following 1964. Plaintiffs' cause of action accrued not later than July of 1964 when the flooding occurred and all damages, past, present and prospective, were then recoverable. Konecny v. United States, 388 F.2d 59 (8th Cir. 1967).

The action against the United States being barred by 28 U.S.C. § 2401(b), the motion of the United States for summary judgment[3] should be and is hereby granted.[4]

2. The Government does not raise the question of whether the Corps of Army Engineers was the appropriate agency. The record suggests that the Department of the Air Force was in charge of the installation of the Minuteman Missile Wing in North Dakota.

3. Consideration having been given to matters outside the pleadings consisting of interrogatories and the answers thereto, the respective affidavits and exhibits attached thereto, the deposition of Harold E. Rygg, and the briefs in support of and in opposition to the motion, the matter is properly before the Court as one for summary judgment, pursuant to Fed.Rules Civ.Proc. rule 56.

4. This disposition pretermits consideration of the alternate motion of the United States for reduction of the amount claimed.