405 F.Supp. 1061 (1975)
J. F. PERRY, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. S 75-10 C.
United States District Court, E. D. Missouri, Southeastern Division.
November 4, 1975.
J. F. Perry, pro se.
Donald J. Stohr, U. S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This action is before the Court on defendant's motion to dismiss and its alternative *1062 motion for summary judgment. The motion to dismiss shall be granted for the reasons stated below.
Plaintiff in this action seeks twenty million dollars damages for personal injuries and for violation of his civil rights, and a court order enjoining defendant from destroying any records or writings relative to plaintiff's efforts to seek medical assistance while in the United States Army, and enjoining defendant from destroying, concealing, or otherwise disposing of any medical records or writings under its control relating to plaintiff.
Plaintiff, on October 16, 1974, filed a claim for disability benefits with the Veterans' Administration, alleging service connected disabilities of "head, eyes, nervousness, and chest." On November 21, 1974, a Veterans' Administration Rating Board determined that plaintiff's eye condition was not disabling within the meaning of the law for payments of benefits and that the nervousness, head condition, and chest disease were not supported by sufficient evidence. On December 5, 1974, the Veterans' Administration notified plaintiff that his claim for disability benefits had been denied and that he had one year to appeal the denial to the Board of Veterans' Appeals. To date no action has been taken by plaintiff on his appeal.
Defendant's first contention in support of its motion to dismiss is that this Court is without jurisdiction to entertain plaintiff's complaint since plaintiff failed to properly serve the United States and, therefore, has no jurisdiction over the person of the United States. Although process was served on the United States Attorney for this district, it appears that the Attorney General of the United States has not been mailed a copy of the summons and of the complaint as required by F.R.Civ.P. 4(d)(4). This requirement has been termed mandatory in order to gain personal jurisdiction over the United States. Wallach v. Cannon, 357 F.2d 557 (8th Cir. 1966); Messenger v. United States, 231 F.2d 328 (2d Cir. 1956).
Plaintiff contends that when he filed his complaint he requested proper service, including service on the Attorney General of the United States, and
". . . was told by the Clerk at the office in Cape Girardeau, Mo., that plaintiff had nothing further to do and that the summons and Complaint would be served upon the United States District Attorney and upon the United States Attorney General."
Dismissal for failure to serve the Attorney General would seem unduly harsh in light of plaintiff's alleged reliance on the representations of the clerk who accepted his complaint, and in light of the absence of any government allegation or showing that its defense has been in any way impaired due to the omitted service. The circumstances call for the doctrine of excusable neglect under which plaintiff should be allowed to complete service. Fugle v. United States, 157 F.Supp. 81 (D.Mont.1957); 2 Moore's Federal Practice, para. 4.28 at 1197 (2d ed. 1975).
However, allowing plaintiff to complete service upon the United States in the manner provided in F.R.Civ.P. 4(d)(4) would be futile, since this Court lacks jurisdiction over the subject matter of the complaint.
Plaintiff's claim for damages for personal injuries is properly a part of his claim for disability benefits, and this action, insofar as it relates to those claims, is an attempt to circumvent the Veterans' Administration denial of disability benefits. Plaintiff has yet to appeal the Veterans' Administration decision, and, even if he had, this Court cannot review determinations made by the Veterans' Administration. Section 211(a) of 38 U.S.C. provides, with certain exceptions not relevant here, that
". . . the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have *1063 power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise."
DeRodulfa v. United States, 149 U.S. App.D.C. 154, 461 F.2d 1240 (1972), cert. denied 409 U.S. 949, 93 S.Ct. 270, 34 L.Ed.2d 220 (1972); Smith v. Settle, 286 F.2d 420 (8th Cir. 1961), cert. denied 366 U.S. 969, 81 S.Ct. 1932, 6 L.Ed.2d 1259 (1961).
Plaintiff's prayer for an injunction to prevent the destruction of his medical records or records regarding his attempts to obtain medical assistance is also integrally bound up with his attempt to obtain a judicial review of the denial of his claim for disability benefits, and is beyond the jurisdiction of this Court under 38 U.S.C. § 211.
Insofar as plaintiff alleges a violation of his civil rights arising out of injuries allegedly occurring in a period between 1953 and 1956, his claim is barred by the applicable statute of limitations, 28 U.S.C. § 2401(b). Since institution of an action against the United States within the limitations period is a jurisdictional requirement, United States v. One 1961 Red Chevrolet Impala Sedan, 457 F.2d 1353 (5th Cir. 1972); Powers v. United States, 390 F.2d 602 (9th Cir. 1968); Rygg v. United States, 334 F.Supp. 219 (D.N.D.1971), this Court has no jurisdiction to hear plaintiff's civil rights claim.
The determination of this Court that it does not have jurisdiction over plaintiff's claims in no way prejudices his right to proceed on an appeal of his basic claim before the Veterans' Administration.