Argued and submitted November 21, 1980, reversed and remanded April 13, 1981

# HOLDNER,
*Appellant - Cross-Respondent,*
*v.*
# COLUMBIA COUNTY et al,
*Respondents - Cross-Appellants.*

## (No. 39-097, CA 16527)

627 P2d 4

David S. Shannon, Portland, argued the cause for appellant - cross-respondent. With him on the briefs were Rees C. Johnson, and Shannon and Johnson, Portland.

Mildred J. Carmack, Portland, argued the cause for respondents - cross-appellants. With her on the briefs was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

This is an action by a landowner against Columbia County and two of its officers for damage caused by water and other substances which ran from a county road onto plaintiff's property. The defendants raised affirmative defenses that plaintiff did not commence the action within the two-year statute of limitations under ORS 30.275(3) and did not present a timely notice of claim to the defendants as required by ORS 30.275(1).[1] The case was tried to a jury. After the parties rested, plaintiff moved to strike those affirmative defenses. The trial court denied the motions and entered judgment for defendants, based on his conclusion that, as a matter of law, the action was barred by the two-year limitation and by plaintiff's failure to give timely notice of his claim. The apparent basis for the trial court's rulings was that the acts or occurrences complained of, although continuing in nature, originated and were known to plaintiff in 1974, and, therefore, plaintiff's December, 1977, notice of claim and the commencement of the action in January, 1978, were untimely as a matter of law.

Plaintiff appeals from the judgment, and defendants cross-appeal from the trial court's striking of the affirmative defense that their alleged conduct constituted a discretionary governmental act and was therefore immune from suit. ORS 30.265(3)(c).[2]

---

[1] At most material times, ORS 30.275(1) and 30.275(3) provided in part:

"(1) Every person who claims damages from a public body * * * shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. * * *

"* * * * *

"(3) No action shall be maintained unless such notice has been given and unless the action is commenced within two years after the date of such accident or occurrence. The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency of other incapacity."

ORS 30.275(1) was amended by Oregon Laws 1977, ch 823, § 3, but the amendment is not relevant here. *See Yunker v. Mathews,* 32 Or App 551, 555-56, n 3, 574 P2d 696, *rev den* 282 Or 537 (1978).

[2] The trial judge did not in fact take formal action to strike that defense. We agree with defendants, however, that the court indicated its inclination to find the defense unmeritorious, and we will therefore consider the discretionary act immunity issue.

In 1974 or early 1975, after defendants had performed certain repair and maintenance activities on two roads in the area of plaintiff's property, plaintiff first noticed that water from the roads was draining onto the property. He made various contacts with county personnel between that time and 1977, aimed unsuccessfully at persuading them to correct the problem. On December 22, 1977, plaintiff presented a notice to defendants, pursuant to ORS 30.275(1), stating as pertinent:

> "On or about September 1, 1974, and from time to time thereafter, you have caused Rabinsky and Dutch Canyon Roads to be regraded, resurfaced, improved, maintained and repaired in such a way as to cause substantial volumes of water, tar and other substances to be deposited on Mr. Holdner's property.

> "It is our position that each of you as well as Columbia County has been negligent in improving, maintaining and repairing Rabinsky and Dutch Canyon Roads, and that as a result of your negligence, Mr. Holdner's property has been rendered unusable to him."

The county took no corrective action. Plaintiff brought this action in January, 1978. Paragraph VII of his complaint, as first amended, alleged that defendants were negligent:

> "* * * * *

> "A.   In failing to inspect, care for and maintain Dutch Canyon and Rabinsky Roads in such a way as to discover and minimize or eliminate the runoff of a substantial volume of water and the deposit of tars and other substances onto plaintiff's property.

> "B.   In grading, regrading, surfacing, resurfacing, repairing and maintaining Dutch Canyon and Rabinsky Roads in such a way as to permit a large volume of water to run off onto, and tar and other substances to be deposited onto, plaintiff's property.

> "C.   In failing to take steps against other landowners abutting on Rabinsky and Dutch Canyon Roads to prevent water runoff from such landowners' property onto Dutch Canyon and Rabinsky Roads and then onto plaintiff's property.

> "D.   In repairing, surfacing, resurfacing, grading and regrading Dutch Canyon and Rabinsky Roads in violation of specifications and standards for the reconstruction and

maintenance of county roads established by defendant Columbia County and the State of Oregon."

That paragraph of the complaint was again amended in September, 1978, to substitute two new specifications of negligence:

"* * * * *

"C. In failing to remove debris and dirt from ditches and culverts adjacent to and under Rabinsky and Dutch Canyon Roads near plaintiff's property.

"D. In failing to repair ditches and culverts under and adjacent to Rabinsky and Dutch Canyon Roads near plaintiff's property so as to assure proper drainage of water."

Plaintiff argues that the trial court erred by ruling that his action was barred by the two-year limitation and the notice provisions of ORS 30.275. Plaintiff's contention is, in essence, that the tort he alleges is a "continuing" one, and that he was entitled to give notice at any time while the injurious conduct continued and to bring his action within two years of the time any damage resulting from that conduct was sustained. While it is not entirely clear from his brief, plaintiff appears to argue that the damages he may recover are limited to those he incurred from the later of (1) 180 days before he presented his notice of claim or (2) two years before he filed his action.

Defendants' arguments can be summarized as follows:

1. Plaintiff's December 22, 1977, notice espoused a theory that the property damage was caused by the 1974 grading, surfacing, maintenance and repair of the road; hence, he did not give notice of the ongoing negligent upkeep of the adjacent ditches and culverts and is therefore barred by ORS 30.275(1) from proceeding against defendants on that second and—according to defendants— inconsistent theory. Defendants maintain that plaintiff's ditch maintenance theory was first advanced in his September, 1978, amended complaint, which defendants argue was not a. legally sufficient method for providing notice and, in any case, did not provide notice within the 180-day statutory period.

2. Alternatively, if plaintiff is not completely barred from proceeding on the ditch maintenance theory,

his recovery cannot exceed damages for the period beginning 180 days before he amended his complaint to allege that theory. Defendants contend that was the first event which conceivably *could* be viewed as providing them with notice of the theory.

3. The 1974 grading, surfacing and other activities adverted to in plaintiff's notice of claim, unlike any negligence in maintaining the ditches, were discrete rather than continuous acts, and plaintiff did not bring his action within the two-year limitation period with respect to those discrete events and did not present his notice of claim regarding them within 180 days following their occurrence.

4. Even if plaintiff were entitled to proceed on his ditch maintenance theory, he introduced no evidence to demonstrate what damage was attributable to that theory rather than his first theory and, therefore, what damage occurred within the period of limitations.

Precedent from the Oregon courts and other courts applying Oregon law has not been wholly clear as to whether the ongoing deposit of substances on property constitutes a continuing tort and, if so, what the consequences are with respect to the running of statutes of limitations and the periods for which damages are recoverable.

In *Reynolds Metals Company v. Yturbide,* 258 F2d 321 (9th Cir), *cert den* 358 US 840 (1958), the plaintiff landowners alleged that they were injured by airborne emissions from the defendant's nearby aluminum plant. The plaintiffs lived on the affected land from December, 1946 to November, 1950, and the emissions continued throughout that period. The defendant argued that plaintiffs' action, brought in January, 1952, was barred by the two-year limitation period of ORS 12.110, because the emissions had commenced in 1946 and had resulted in discernible harm by the end of 1948. The Court of Appeals disagreed and applied

"* * * the rule laid down in the later cases of Shives v. Chamberlain, 168 Or. 676, 126 P.2d 28, and Hotelling v. Walther, 169 Or. 559, 130 P.2d 944, 144 A.L.R. 205. Those

were cases in which the plaintiff sought recovery for medical malpractice because of the alleged negligent treatment of the patient. In each case the treatment continued for a long period of time. It was held that the statute did not begin to run until the treatment was discontinued. In the first of these cases the court said: 'This continued treatment, * * * constituted a continuing tort causing the statute of limitations to start only when such treatment ceased.' 126 P.2d 31. In the second case it was said: 'The alleged negligent treatment of the plaintiff must be considered as a whole. Plaintiff was not obliged to split his cause of action. The continued negligent treatment constituted but a single cause of action. Where the tort is continuing, the right of action is continuing. * * * The rule that the statute runs from the last date of the continuous negligent treatment is just and equitable.' 130 P.2d 946.

"* * * In the case now before us the tort, which was a continuing one, had not terminated in November, 1950, and the statute had not run when the suit was filed in January, 1952." 258 F2d at 332-33.

In *Martin et ux v. Reynolds Metals Co.,* 221 Or 86, 342 P2d 790 (1959), *cert den* 362 US 918 (1960), the plaintiffs alleged that the same aluminum plant which caused the damage in *Yturbide* had, from August, 1951 to January, 1956,

"* * * caused certain fluoride compounds in the form of gases and particulates to become airborne and settle upon the plaintiffs' land rendering it unfit for raising livestock * * *." 221 Or at 87.

The issue in *Martin* was whether the two-year statute for nuisance actions or the six-year statute for trespass applied. The court explained:

"* * * If the defendant's conduct created a nuisance and not a trespass the defendant would be liable only for such damage as resulted from its conduct during a period of two years immediately preceding the date upon which plaintiffs' action was instituted. On the other hand, if the defendant's conduct resulted in a trespass upon plaintiffs' land the six-year statute of limitations provided for in ORS 12.080 would be applicable and plaintiffs would be entitled to recover damages resulting from the trespasses by defendant during the period from August 22, 1951 to January 1, 1956. 221 Or at 88-89.

Hence, the court in *Martin* reasoned that the same basic conduct which *Yturbide* held to be a continuing tort could

only result in damages dating from the commencement of the applicable limitation period. Conversely, *Yturbide* and the Oregon cases on which it relies *appear* to hold that damages for the cumulative injury caused by a continuing tort are recoverable, whether or not some of the damage was sustained more than two years before the action was brought. *Cf. Davis v. Bostick,* 282 Or 667, 580 P2d 544 (1978).

In *Furrer v. Talent Irrigation District,* 258 Or 494, 466 P2d 605 (1970), plaintiff's land and trees were damaged by water drainage from defendant's canal from 1962 until the bringing of the action in 1966. The trial court held that the two-year nuisance statute applied, and, apparently, that only damages sustained within two years of the bringing of the action were recoverable.[3] The Supreme Court stated:

"Since plaintiff has not cross-appealed we may assume, without deciding, that the two-year statute of limitations adopted by the trial court is applicable to this action.[17] As we have already noted, some of plaintiff's trees died more than two years prior to the commencement of this action. Plaintiff would not be entitled to recover damages based upon the loss of those trees. * * *

"17. Nor is it necessary for us to decide whether the continuing character of defendant's intrusion would permit plaintiff to recover for the total diminution of the value of his land even though a part of the diminution was attributable to defendant's conduct antedating the commencement of the limitation period. * * *" 258 Or at 518.

Here, plaintiff alleges that he suffered injuries commencing in 1974 and continuing "thereafter up to and including the date of filing this complaint." The road repairs themselves were clearly discrete acts which ended more than two years before plaintiff brought his action and 180 days before he presented his notice. However, the more recent damages plaintiff claims he sustained allegedly resulted from the ongoing negligent upkeep of the adjacent ditches and culverts.

■■ That ongoing negligent conduct and the resulting nuisance or trespass to plaintiff's land would appear to

---

[3] The issue in *Furrer* was not whether the action was time-barred, but whether the proof established what damage had been sustained within the two-year limitation period.

constitute a "continuing tort" as defined by *Yturbide.* The distinction between a continuing tort and repetitious discrete torts which result in similar but separate injuries may not be highly meaningful in this context, where plaintiff does not argue that he is entitled to damages for any injury which preceded his action by more than two years.[4] However, the continuing tort characterization *may* have some bearing on whether plaintiff's action is barred by limitations and whether his notice was timely and sufficient. The notice refers to injuries which took place "[o]n or about September 1, 1974, and from time to time thereafter." The notice was presented more than three years after the only date *specified* in it. However, when a continuing tort is involved, a notice of claim filed any time during the continuance of the conduct or within 180 days after its conclusion is necessarily timely. Because there is no *single* accident or occurrence giving rise to the claim, the 180-day period for presenting the notice cannot be measured from the claimant's first observation of the tort and its results.[5] Similarly, in cases of continuing torts, a notice like the one involved, which states that the injury or loss occurred "from time to time," is sufficient to apprise the public body of the time of the loss or injury.

For similar reasons, we conclude that the action was timely, insofar as the complaint alleges the continuing tort of negligent upkeep of the ditches and culverts, resulting in an ongoing nuisance or trespass.[6] We therefore agree

---

[4] Defendants do not argue that plaintiff failed to introduce sufficient evidence of damages occurring within 180 days of his notice and two years of the commencement of the action to create a jury question.

[5] *Cf. Adams v. Oregon State Police,* 289 Or 233, 611 P2d 1153 (1980), where the court indicated that the date from which the 180-day notice period is measured is the date on which the cause of action accrues. Where there is a continuing tort, the cause of action does not finally "accrue" for statute of limitations purposes until the conduct ceases to cause injury.

[6] The language in the complaint referring to the repair activities which predated the limitation and notice periods may be subject to a motion to strike, and the complaint may have appropriately been subject to a motion to make more definite and certain. It cannot be determined from the complaint which allegations pertain to conduct within the limitation period and which do not. However, defendants do not argue that such defects in the complaint provide a basis for affirming the trial court's ruling, nor would we agree with such an argument. In addition to alleging events outside the limitation period, the complaint states that at least some of the injury-causing events occurred within two years of filing.

with plaintiff that his action is not barred by ORS 30.275(3) and that the notice was *timely* under ORS 30.275(1).[7]

■ However, there are remaining questions about the sufficiency of the notice. Defendants' arguments, enumerated earlier, are based principally on their thesis that plaintiff's notice referred only to injuries resulting from the 1974 repairs of the roads and did not apprise them of the failure to maintain the adjacent ditches and culverts. In *Urban Renewal Agency v. Lackey,* 275 Or 35, 549 P2d 657 (1976), the Supreme Court stated:

> "The purpose of the requirement of the Oregon Tort Claims Act that any person who claims damages from a public body under the Oregon Tort Claims Act 'shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded' is to give the public body timely notice of the tort and allow its officers an opportunity to investigage the matters promptly and ascertain all the necessary facts." (Citation omitted.) 275 Or at 41.

*See also, Dowers Farms v. Lake County,* 288 Or 669, 607 P2d 1361 (1980).

The notice here referred, *inter alia,* to "maintaining" the roads and informed the recipients that their failure to do so was causing the flow of water onto plaintiff's property. The maintenance of the adjacent ditches, like the maintenance of the roads, is a county responsibility. *See* ORS 368.100(2); *cf.* ORS 368.110. If plaintiff's allegations regarding the ditches are correct, defendants could not reasonably have overlooked the problems with the ditches in making any investigations or repairs the notice may have prompted. We reject defendants' contentions that the notice failed to advise them sufficiently of their negligent maintenance of the ditches, and that plaintiff's ditch

---

[7] Although we have based our analysis of the timeliness issue on plaintiff's continuing tort theory, we would probably reach the same conclusion independently of that theory. Since plaintiff now claims damages only for water damage resulting from negligence in ditch maintenance which occurred within two years of the bringing of his action, the timeliness of the notice and action is not significantly affected by the discrete or continuous nature of the conduct.

maintenance theory is an inconsistent basis for the relief claimed from the other bases set forth in the notice.[8]

■        We also reject defendants' argument that plaintiff's proof failed to identify what damage occurred within the period of limitations. The statute of limitations is an affirmative defense. Hence, defendants have the burden of proving what items of damage proved by plaintiff are barred by it. *Furrer v. Talent Irrigation District, supra.* 258 Or at 518-19.

It follows that the trial court erred in denying plaintiff's motion to strike the affirmative defenses based on ORS 30.275(1) and 30.275(3) and in entering judgment for defendants on the basis of those defenses.

The question remains of what time period plaintiff's damages are limited to. As noted, *Yturbide, Martin* and *Furrer* suggest different answers. It does seem clear that, at the least, plaintiff could have claimed damages for injuries sustained within two years prior to the bringing of his action. As in *Furrer,* however, we need not decide whether he may seek damages for losses sustained prior to that time, because he now claims no such damages.

■        Because a reversal and remand is necessary, we reach the issue raised by defendants' cross-appeal. The only conduct for which plaintiff can seek damages, consistently with his argument and our holding, is the alleged negligence in maintaining ditches and culverts. Recovery for the injuries caused by the 1974 repairs is barred. Maintenance of the ditches is not a discretionary governmental act. *See Stevenson v. State of Oregon,* 290 Or 3, 619 P2d 247 (1980). It was not error for the trial court to strike the discretionary immunity defense.

Reversed and remanded.

----

[8] Defendants also argue that plaintiff cannot rely on his ditch maintenance theory here, because he relied in part on the putatively inconsistent theory in a companion case, in which he prevailed and from which no appeal was taken. Assuming *arguendo* that there is sufficient data before us concerning the companion case for us to consider defendants' argument, and also assuming that defendants correctly characterize plaintiff's position and the result in that case, we would disagree with defendants' argument because of our conclusion that plaintiff's two theories are not inconsistent.