Unified Judicial System

 

 
 Formatting provided courtesy of State Bar of South Dakota
and South Dakota Continuing Legal Education, Inc.
222 East Capitol Ave.
Pierre, SD 57501-2596 
LAKES' BYRON STORE, INC.,
(a South Dakota Corporation), d/b/a Lakes' Lake Byron Resort,
Plaintiff and Appellant,
v.
AUTO-OWNERS INSURANCE CO.,
Defendant and Appellee.
South Dakota Supreme Court
Appeal from the Third Judicial Circuit, Beadle County, SD
Hon. Jon R. Erickson, Judge
#20599--Affirmed
James E. Carlon, Carlon Law Office, Pierre, SD
Attorneys for Plaintiff and Appellant.
Roy A. Wise, Richardson, Groseclose, Wyly, Wise & Sauck, Aberdeen, SD
Attorneys for Defendant and Appellee.
Considered on Briefs Jan 14, 1999; Opinion Filed Feb 24, 1999
SABERS, Justice. 
[Â¶1] Lakes' Byron Store, Inc. (Lakes') appeals a summary judgment granted to Auto-Owners Insurance Company (Auto-Owners). We affirm.
FACTS 
[Â¶2] Lakes' operates a hunting resort on Lake Byron near Huron, South Dakota. Auto-Owners issued a policy to Lakes' providing coverage for business interruption, but excluding losses caused by power failure occurring away from the insured premises. A severe snow and ice storm hit the area on October 23, 1995. Power poles and lines were broken across much of South Dakota. Lakes' was without power from October 23 through 31. It submitted a claim for food spoilage and business interruption. Auto-Owners denied the claim because it argued that the power failure occurred away from the premises.
[Â¶3] Lakes' filed a complaint on July 24, 1996, claiming that Auto-Owners breached the insurance contract. Cross-motions for summary judgment were filed. The trial court granted summary judgment to Auto-Owners. It found that there were no genuine issues of material fact and that the terms of the exclusion were unambiguous. Lakes' appeals.
STANDARD OF REVIEW 
[Â¶4] Our standard of review on a motion for summary judgment is well established:


In reviewing a grant or a denial of summary judgment under SDCL 15-6-56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.
Walz v. Fireman's Fund Ins. Co., 1996 SD 135, Â¶6, 556 NW2d 68, 70 (quoting Lamp v. First Nat'l Bank of Garretson, 496 NW2d 581, 583 (SD 1993) (citation omitted)).
[Â¶5] Whether The Language Of The Exclusion Is Clear and Unambiguous.
[Â¶6] The trial court found that Lakes' conceded that none of the power poles or lines were broken within the boundaries of Lot 1, the premises insured under the policy. Therefore, it found that there were no genuine issues of material fact regarding whether the power failure occurred "away from the described premises."(fn1)  It concluded that the language of the exclusion was unambiguous and enforceable.
[Â¶7] "Construction of a written contract is a question of law." State Farm Mut. Auto. Ins. Co. v. Vostad, 520 NW2d 273, 275 (SD 1994) (citing Dirks v. Sioux Valley Empire Elec. Ass'n, 450 NW2d 426, 427-28 (SD 1990)).


Where the provisions of an insurance policy are fairly susceptible of different interpretations, the interpretation most favorable to the insured should be adopted. This rule of liberal construction in favor of the insured and strictly against the insurer applies only where the language of the insurance contract is ambiguous and susceptible of more than one interpretation ... . This rule does not mean, however, that the court may seek out a strained or unusual meaning for the benefit of the insured.
Olson v. U.S. Fidelity and Guar. Co., 1996 SD 66, Â¶6, 549 NW2d 199, 200 (citing Rogers v. Allied Mut. Ins. Co., 520 NW2d 614, 616 (SD 1994) (citations and quotations omitted)).
[Â¶8] The exclusion provides:


1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

...
e. Power Failure
The failure of power or other utility service supplied to the described premises, however caused, if the failure occurs away from the described premises.
But if loss or damage by a Covered Cause of Loss results, we will pay for that resulting loss or damage.
[Â¶9] This is a case of first impression in South Dakota. However, courts in other jurisdictions have considered similar policy exclusions. In Mapletown Foods, Inc. v. Motorists Mut. Ins. Co., 662 NE2d 48, 50 (OhioCtApp 1995), the court found no ambiguity in exclusion language identical to that used by Auto-Owners. It agreed with the trial court that:


The phrase "away from the premises" does have a plain, ordinary meaning: not on the premises that are described in the contract of the insured. Therefore, construction of that language is not available.
Mapletown, 662 NE2d at 50.
[Â¶10] The Ohio court considered two cases, Pressman v. Aetna Cas. & Sur. Co., 574 A2d 757 (RI 1990) and Brooklyn Bridge v. South Carolina Ins., 420 SE2d 511 (SCCtApp 1992), which found the phrase "away from the premises" ambiguous. It concluded that the Pressman case was factually distinguishable because the trial court restricted the definition of "premises" to within the interior of the insured building. The power failure in Pressman was caused when a tree adjacent to the insured's property fell onto the power line leading into the building. Although not factually distinguishable, the court concluded that the Brooklyn Bridge case was wrongly decided "because the construction given by the court gave no effect to the language 'away from the premises.'" Mapletown, 662 NE2d at 50.
[Â¶11] After reviewing the case law from other jurisdictions, we find Mapletown to be the better reasoned decision. The language of the exclusion is clear and unambiguous. Although Lakes' argues that the description of the premises is ambiguous, no showing of a genuine issue of material fact has been made. We agree with the trial court that the insured premises was limited to Lot 1 and the buildings located thereon and did not include the leased lands used for hunting purposes. Both parties agreed that none of the power poles or lines located on Lot 1 were damaged. Therefore, the power failure occurred away from the described premises and the exclusion precluded coverage. Summary judgment is affirmed.
[Â¶12] MILLER, Chief Justice, and AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.

Footnotes
1.  Both sides filed motions for summary judgment claiming there were no genuine issues of material fact as to their own case. On appeal, Lakes' urges there are genuine issues of material fact by attempting to enlarge the "described premises" beyond Lot 1 to include other leased property. However, Doug Lake, co-owner of Lakes', stated in his deposition:


Q: Would you agree with me, Mr. Lake, that Lot 1 is in fact what is referred to as the insured premises in your policy with Auto-Owners?
[Objection omitted]
A: We also have land leased that is part of this hunting camp that operates with this business, but the lodge itself is located on this 8.5 acres.
Q: And that's the property that is insured under the policy, is it not? When we talk about where the building site is located, we're talking about Lot 1, aren't we?
A: That's right.
Q: And the land that you lease, is any of that land adjoining any of Lot 1; in other words, does it touch upon any side of Lot 1?
A: No.
A party cannot claim a better version of the facts than his own testimony. Miller v. Lake Area Hosp., 1996 SD 89, Â¶14, 551 NW2d 817, 820-21 (citing Bosse v. Quam, 537 NW2d 8, 12 (SD 1995); Tieszen v. John Morrell & Co., 528 NW2d 401, 406 (Amundson, J., dissenting) (citations omitted)).