2000 SD 71

**Larry and Susan HOLLAND, Plaintiffs and Appellants,**

v.

**CITY OF GEDDES, Defendant and Appellee.**

**No. 20863.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 29, 1999.

Decided May 31, 2000.

Patrick W. Kiner, Mitchell, for plaintiffs and appellants.

Douglas M. Deibert of Cadwell, Sanford, Deibert & Garry, Sioux Falls, for defendant and appellee.

KONENKAMP, Justice

[¶ 1.] The plaintiffs sued the City of Geddes after water seepage damaged their home. In granting summary judgment for the City, the circuit court ruled that the plaintiffs failed to give timely notice of injury as required by law, and that the limitations period was not tolled by a continuing tort. We reverse because the City's failure to repair its broken valve was a continuing tort suspending the limitations period until the valve was fixed. Thereafter, the notice was timely.

**Background**

[¶ 2.] Susan and Larry Holland moved to Geddes, South Dakota, in 1990. Two years later, they rented out their home and left to pursue a business venture in Wisconsin. In 1993 they returned. The water service to the house had been turned off after their tenants moved out. When the Hollands were about to move back into their home, they asked the City to turn the water on. While turning the main valve at the street, a City employee broke it, so that "it kept going in a circle." After that, the water service could not be turned off. In February 1994, Larry noticed a leak coming from the shutoff valve under the house. To repair it, the main valve at the street had to be turned off. By March, the leak had become a "steady drip;" and was "getting worse and worse." From March 1994 to July 1996, the Hollands "complained often" to various City officials about the City's unrepaired valve, but to no avail. For two years, water accumulated under the corner of the house, leached into the ground, and undermined the foundation, causing the house to settle. The City finally repaired its valve in July 1996.

[¶ 3.] On September 10, 1996, the Hollands gave written notice of injury to the City, pursuant to SDCL 3–21–2. The City denied their claim, and on January 28, 1998, the Hollands commenced suit. On the City's motion, the circuit court granted summary judgment against the Hollands, deeming their notice untimely. In this appeal, they assert the following issues: (1) Did the court err in granting summary judgment to the City based on the failure

to provide timely notice? (2) Did the court err in deciding that the failure of the City to repair the damaged valve was a single injury and not a continuing tort tolling the statute of limitations? (3) Did the court err in failing to estop the City from asserting the notice defense, based on actual notice and the nature of the injury? For ease of analysis, we examine issues one and two together, and our ruling on those issues makes a decision on issue three unnecessary. Our settled standard of review for summary judgments has been recited in numerous cases and need not be repeated here. *See Kobbeman v. Oleson,* 1998 SD 20, ¶ 4, 574 N.W.2d 633, 635.

## Continuing Tort as Tolling the Statute of Limitations

[¶ 4.] Parties intending to sue a public entity must first give timely written notice of injury. In granting summary judgment, the circuit court ruled that the Hollands did not comply with the 180–day notice requirement in SDCL 3–21–2. This statute provides:

> No action for the recovery of damages for personal injury, property damage, error or omission or death caused by a public entity or its employees may be maintained against the public entity or its employees unless written notice of the time, place and cause of the injury is given to the public entity as provided by this chapter within one hundred eighty days after the injury.

The court found that the injury occurred when the water valve was broken in 1994; afterward, the resultant water leakage damaging the Hollands' home was only the "ill effect" of the broken valve. As the Hollands gave no written notice to the City until September 10, 1996, more than two and one half years after the valve was broken, their claim was held untimely.

[¶ 5.] A continuing tort suspends the running of the statute of limitations. *Alberts v. Giebink,* 299 N.W.2d 454, 456 (S.D.1980). The primary rationale for this rule is that when no discrete occurrence in continually wrongful conduct can be sin-

gled out as the principal cause of damage, the law regards the cumulative effect as actionable, and allows the limitations period to begin when the wrongful conduct ends. *Curtis v. Firth,* 123 Idaho 598, 850 P.2d 749, 754 (1993). A continuing tort occurs when a wrongful act persists over time. 54 C.J.S. Limitations of Actions § 177 (1987) (footnote omitted). On the other hand, a continual consequence from a solitary unlawful act is not a continuing tort. *Brishky v. South Dakota,* 479 N.W.2d 489, 492 (1991) (citing *Ward v. Caulk,* 650 F.2d 1144, 1147 (9th Cir.1981)). In *Brishky,* the suspension of the plaintiff's driver's license was not a continuing wrong, but an injury from which he suffered a continuing aftereffect. *Id.*

[¶ 6.] A classic instance of a continuing tort occurs with prolonged or repeated flooding of land. In *Holdner v. Columbia County,* 51 Or.App. 605, 627 P.2d 4 (1981), a landowner sued for damage caused by water running intermittently from a public road onto the landowner's property. The landowner saw the damage occurring in 1974 or 1975 and complained to the authorities, but they failed to resolve the problem. When the landowner eventually sued in 1977, the defendant argued that the suit was time-barred by the two-year statute of limitations. The court ruled that the "ongoing negligent conduct" was a continuing tort: " 'Where the tort is continuing, the right of action is continuing.... The rule that the statute runs from the last date of the continuous negligent [act] is just and equitable.' " *Id.* at 8 (omissions in original) (quoting *Reynolds Metals Co. v. Yturbide,* 258 F.2d 321, 333 (9th Cir.1958)); *but cf. Rygg v. United States,* 334 F.Supp. 219, 220–21 (D.N.D.1971) (damage to farmland from flooding caused by the government was not continuing tort).

[¶ 7.] A leaking water line was the basis for suit in *Handley v. Town of Shinnston,* 169 W.Va. 617, 289 S.E.2d 201 (1982). After the Town installed a pipe on the plaintiffs' property, it began leaking and the plaintiffs complained. The Town negli-

gently failed to repair the leak, and it continued, causing property damage. The *Handley* court reasoned that when wrongful conduct is continual or repeated, "the cause of action accrues at, and the limitations [period] begin[s] to run from, the date of the last injury, or when the tortious overt acts cease." *Id.* at 202 (quoting 54 C.J.S. Limitations of Actions § 169 (1948)). Similarly, in *Eppling v. Seuntjens*, 254 Iowa 396, 117 N.W.2d 820 (1962) a landowner sought damages and injunctive relief for repeated flood damage to his property occurring after an adjacent landowner erected a dike. *Id.* at 821–22. The Iowa Supreme Court characterized the wrong as a continuing violation. *Id.* at 825.

▬ [¶ 8.] A continuing tort occurs when all elements of the tort continue, not simply the damage element. In *Defnet v. City of Detroit*, 327 Mich. 254, 41 N.W.2d 539 (1950), the Defnets sued the City to recover damages to their property resulting from the City's failure to block off or repair a sewer drain. The sewer was constructed in 1901, and the Defnets purchased their home in 1924, a year after it was erected. The abstract did not mention the sewer, and the Defnets did not become aware of its existence until 1928. The next year, the house began to settle and cracks appeared. In 1941, the back yard caved in, but further damage continued until 1944. After they repeatedly asked the City to repair the sewer line, the Defnets finally hired a private contractor to work on the problem, a job the City later completed. Both the Defnets and the City sought reimbursement from the other for the work done. With little discussion, the court held in favor of the Defnets, stating: "Where there are continuing wrongful acts within the period limited by the statute, recovery is not barred." *Id.* at 541 (citations omitted).

[¶ 9.] In contrast to these cases, the decision in *Hall's Park Motel, Inc. v. Rover Constr., Inc.*, 194 W.Va. 309, 460 S.E.2d 444 (1995), illustrates the distinction between a continuing tort and a continuing aftereffect. A motel owner sued a construction company for damage first observed ten years earlier, resulting from excavation on adjacent land. The owner sustained both immediate and latent injuries caused by a conspicuous occurrence. In finding no continuing tort, the court ruled that "where a plaintiff sustains a noticeable injury to property from a traumatic event, the statute of limitations begins to run and is not tolled because there may also be latent damages arising from the same traumatic event." *Id* at 449. There was no continuous wrongful conduct, only a single act with damage the plaintiff did not become fully aware of until later. To constitute a continuing tort, the court observed, all elements of the tort must be continuing, including breach of duty and damages. *Id.* n. 3. The breach of duty, improper excavation, ceased, but the damage continued.

[¶ 10.] Here we have both continuing breach of duty and continuing damage. The water dripped steadily, gradually eroding the soil and damaging the Hollands' house. At the same time, the City's breach of duty in failing to repair the broken valve was ongoing. This is distinguishable from cases where the wrong flows from a single tortious event. Accordingly, the circuit court erroneously granted summary judgment. The 180–day notice period did not commence until the wrong terminated, which was when the main valve was repaired in July of 1996. Therefore, the Hollands' notice of injury was timely.

[¶ 11.] Reversed.

[¶ 12.] MILLER, Chief Justice and SABERS and GILBERTSON, Justices, concur.

[¶ 13.] AMUNDSON, Justice, dissents.

AMUNDSON, Justice (dissenting).

[¶ 14.] I respectfully dissent.

[¶ 15.] Larry and Susan Holland both testified under oath that the damage in this case was caused by a single event, to wit, the breaking of the water shut-off valve when their water was turned back on by the city. There is no dispute on the plaintiff's part that this single act caused the damage. It is well settled that a party can not claim a better version of the facts than is given by their own testimony. *See Vaughn v. John Morrell & Co.*, 2000 SD 31, ¶ 36, 606 N.W.2d 919, 926; *Lakes' Byron Store, Inc. v. Auto–Owners Ins. Co.*, 1999 SD 25, ¶ 6 fn\*, 589 N.W.2d 608, 609 (quoting *Miller v. Lake Area Hosp.*, 1996 SD 89, ¶ 14, 551 N.W.2d 817, 820–21 (citations omitted)).

[¶ 16.] We previously held in *Brishky v. State*, 479 N.W.2d 489, 492 (S.D.1991),

> [g]enerally, when a tort involves continuing injury, the cause of action accrues and the statute of limitations commences when the wrong terminates. [citation omitted.] Although this Court has never, in depth, explained the nature of a continuing wrong, other jurisdictions have. A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original action. [citation omitted.]

*See also McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir.1988) (quotation omitted) (noting that " '[a] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation' "); *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir.1981) (citing *Collins v. United Air Lines, Inc.*, 514 F.2d 594, 596 (9th Cir.1975)) (stating that "[a] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation"); *Hyon Waste Management Servs. v. City of Chicago*, 214 Ill.App.3d 757, 158 Ill.Dec. 335, 574 N.E.2d 129, 132 (1991) (citation omitted) (stating that "[a] continuing violation, however, is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation").

[¶ 17.] This case, no matter which way you cut it, deals with the continual ill effects of the single act which the plaintiffs acknowledged under oath. No question but that the plaintiffs were aware and failed to give timely notice. I would affirm the trial court.