#26364-a-GAS

**2013 S.D. 22**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

* * * *

ROBERT BRANDT,                                      Plaintiff and Appellant,

v.

COUNTY OF PENNINGTON,                              Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE ROBERT A. MANDEL
Judge

* * * *

KEVIN S. LEWIS
Rapid City, South Dakota                           Attorney for plaintiff
                                                   and appellant.


JAMES S. NELSON
REBECCA L. MANN of
Gunderson, Palmer, Nelson & Ashmore, LLP
Rapid City, South Dakota                           Attorneys for defendant
                                                   and appellee.


* * * *

CONSIDERED ON BRIEFS
ON JANUARY 8, 2013

OPINION FILED **02/27/13**

#26364

SEVERSON, Justice.

[¶1.]       In 1994, Robert Brandt granted a drainage easement to Pennington County on land he owned in the Sila Subdivision. In 1996, the County repaired a section of Clarkson Road, which abutted Brandt's land. After the road repair, silt began to accumulate near the bottom of the canyon on part of Brandt's land. Brandt provided written notice to the County in 2009 for damages. He filed suit for nuisance, constructive taking, trespass, and unlawful taking in late 2010. The County moved for summary judgment. After an April 2012 hearing, the trial court granted the motion after determining that there was no continuing tort and the statute of limitations had run. Brandt appeals the summary judgment and argues that the County's action constitutes a continuing tort. We affirm the trial court's decision.

## BACKGROUND

[¶2.]       In August 1994, Robert Brandt purchased 57 acres in the Sila Subdivision in Pennington County. Brandt subdivided the property into three lots and eventually built a home on Lot 2. The plat for the property was filed with the Pennington County Register of Deeds in October 1994. The plat included a description of a 200-foot wide drainage easement extending across the property, including the canyon area of Lot 2. The drainage easement did not exist on the property prior to the 1994 plat filed by Brandt.

[¶3.]       In 1996, the County repaired a section of Clarkson Road, which abuts Lot 3 in the Sila Subdivision. After the road repair, Brandt testified that silt began accumulating in Lot 2's canyon within the drainage easement. The silt

- 1 -

accumulated sporadically in the canyon after heavy runoff from melting snow or rainstorms in the spring and summer. Brandt testified that the silt is four to five inches deep in certain areas at the bottom of the canyon.

[¶4.] Periodically, the County attempted to control the silt flow. Heine Junge, Pennington County Highway Superintendent, testified that the County used rock dams and hay bales in the ditch near Clarkson Road to stop the flow of silt into the canyon.

[¶5.] On May 13, 2009, Brandt provided written notice to the Pennington County Auditor for damages to Lot 2. He stated that his property was damaged by runoff from the hillside following the County's repair of Clarkson Road in 1996. In late 2010, Brandt sued the County under the theories of nuisance, constructive taking, trespass, and unlawful taking. The County raised affirmative defenses that a drainage easement existed across Brandt's property where the runoff drains and that the statute of limitations had run.

[¶6.] The County moved for summary judgment and the trial court held a hearing on April 19, 2012. The trial court granted summary judgment after determining that there was no continuing tort and the statute of limitations had run. Brandt appeals the summary judgment and argues that the County's action constitutes a continuing tort.

## STANDARD OF REVIEW

[¶7.] The standard of review for summary judgment is well settled:

> We must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party

and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.

*Jacobson v. Leisinger*, 2008 S.D. 19, ¶ 24, 746 N.W.2d 739, 745 (quoting *Cooper v. James,* 2001 S.D. 59, ¶ 6, 627 N.W.2d 784, 787).

[¶8.]        Further, "if summary judgment is granted [based] on a statute of limitations defense[:]"

> The burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. When faced with "'a summary judgment motion where the defendant asserts the statute of limitations as a bar to the action and presumptively establishes the defense by showing the case was brought beyond the statutory period, the burden shifts to the plaintiff to establish the existence of material facts in avoidance of the statute of limitations.'" It is well settled that "'summary judgment is proper on statute of limitations issues only when application of the law is in question, and not when there are remaining issues of material fact.'" Generally, a statute of limitations question is left for the jury; however, deciding what constitutes accrual of a cause of action is a question of law and reviewed de novo.

*Id.* (quoting *Cooper*, 2001 S.D. 59, ¶ 7, 627 N.W.2d at 787) (citations omitted in original).

## DISCUSSION

[¶9.]        When the trial court granted the County's motion for summary judgment, it did so on the following basis: "[Brandt's suit is] barred by the statute of limitations; but in part because the flow of the water and silt going through [Brandt's land] now is not a continuing tort." Brandt argues that the statute of

limitations has not run because the County's actions constitute a continuing tort, and thus, his notice to the County was timely.

[¶10.] South Dakota statutes require that a person seeking recovery for property damage from a public entity must file a written notice with the public entity within 180 days after the injury. SDCL 3-21-2. A public entity includes county governments and boards. SDCL 3-21-1(2). An action for damages cannot be "maintained against a public entity" unless timely written notice is given. *In re Kindle*, 509 N.W.2d 278, 280 (S.D. 1993) (citing *Brishky v. State*, 479 N.W.2d 489, 493 (S.D. 1991) and *Finck v. City of Tea*, 443 N.W.2d 632, 635 (S.D. 1989)). In addition, SDCL 15-2-1 requires that a cause of action begin before the statute of limitations expires, except in certain cases. Brandt asserts property damage via nuisance and trespass, which have a statute of limitations of six years. SDCL 15-2-13(3).

[¶11.] We previously addressed the definition of a continuing tort and its impact on the statute of limitations. "A continuing tort occurs when a wrongful act persists over time." *Holland v. City of Geddes*, 2000 S.D. 71, ¶ 5, 610 N.W.2d 816, 818 (citing 54 C.J.S. *Limitations of Actions* § 177 (1987)). "To constitute a continuing tort, . . . all elements of the tort must be continuing, including breach of duty and damages." *Id.* ¶ 9, 610 N.W.2d at 819 (citing *Hall's Park Motel, Inc. v. Rover Constr., Inc.*, 460 S.E.2d 444, 449 n.3 (W. Va. 1995)). A continuing tort tolls the statute of limitations and the 180-day notice period does not begin until the wrong is terminated. *See id.* ¶ 10, 610 N.W.2d at 819. The reason a continuing tort suspends the running of the statute of limitations is that "when no discrete

occurrence in continually wrongful conduct can be singled out as the principal cause of damage, the law regards the cumulative effect as actionable, and allows the limitations period to begin when the wrongful conduct ends." *Id.* ¶ 5, 610 N.W.2d at 818 (citing *Curtis v. Firth*, 850 P.2d 749, 754 (Idaho 1993)). However, "a continual consequence from a solitary unlawful act is not a continuing tort." *Id.* (citing *Brishky*, 479 N.W.2d at 492).

[¶12.] In this case, the trial court found significant to determining whether a continuing tort existed the fact that Brandt granted the County a 200-foot wide drainage easement across his land. "An easement is 'an interest in the land in the possession of another which entitles the owner of such interest to a limited use or enjoyment of the land in which the interest exists.'" *Brown v. Hanson*, 2007 S.D. 134, ¶ 6, 743 N.W.2d 677, 679 (quoting *Knight v. Madison*, 2001 S.D. 120, ¶ 4, 634 N.W.2d 540, 541).

[¶13.] SDCL 43-13-5 provides that the scope or extent of an easement or servitude upon land is "determined by the terms of the grant, or the nature of the enjoyment by which it was acquired." In general, "[a] servitude should be interpreted to give effect to the intention of the parties ascertained from the language used in the instrument, or the circumstances surrounding creation of the servitude, and to carry out the purpose for which it was created." Restatement (Third) of Property (Servitudes) § 4.1(1) (2000).

[¶14.] The determinative material facts are not disputed. Brandt argues that the reconstruction of Clarkson Road in 1996 caused erosion on the hillside and accumulation of silt in the canyon bottom within the drainage easement on Lot 2 of

his property.  The reconstruction of Clarkson Road is a discrete occurrence.  The alleged damage due to silt accumulation within the drainage easement on Brandt's property is a continuing consequence of the County's one-time road repair.  The periodic runoff from the hillside is a result of the original construction in 1996, but it is not a continuing tort on the part of the County.  As noted above, in order for a tort to be a continuing tort, all of the elements of the tort must continue, not just the damages from the tort.  *See Holland,* 2000 S.D. 71, ¶ 8, 610 N.W.2d at 819.  Brandt failed to present evidence of a genuine issue of material fact to meet his burden of proof to avoid the statute of limitations.

[¶15.]       Brandt's claims of nuisance and trespass are barred because there was no continuing tort.  The plaintiff did not provide the required 180-day notice to the County and the statute of limitations has run.  The trial court did not err in granting the motion for summary judgment to the County.

### CONCLUSION

[¶16.]       We affirm the trial court's decision.

[¶17.]       GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and WILBUR, Justices, concur.