**Gregory WARD, Plaintiff-Appellant,**

v.

**Robert CAULK, Individually and as Division Head of the Human Care Services Program of the County of San Diego; Ruben Domenguez, Director of the Human Resources Department of the County of San Diego; The Board of Supervisors of the County of San Diego; County of San Diego, Defendants-Appellees.**

No. 79–3640.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 1981.

Decided July 17, 1981.

---

John P. Murphy, San Diego, Cal., for plaintiff-appellant.

Lloyd M. Harmon, Jr., San Diego, Cal., for defendants-appellees.

Before BROWNING and FERGUSON, Circuit Judges, and QUACKENBUSH,* District Judge.

FERGUSON, Circuit Judge:

Plaintiff sued various county defendants on the basis of 42 U.S.C. §§ 1981, 1983 and 2000e–5(d), and the First, Fifth, and Fourteenth Amendments to the United States Constitution. The district court dismissed the statutory counts under the relevant statutes of limitations. It dismissed the constitutional claims because plaintiff could invoke federal statutory remedies against the state defendants. Ward appeals. We affirm the judgment.

I.

Plaintiff Gregory Ward was employed by the County of San Diego Human Care Services Program. On May 5, 1975, his superior, Robert Caulk, failed to promote Ward; Ward thereupon resigned. He subsequently obtained a job with a private corporation. After termination of the private job on October 5, 1975, he was unemployed for sixteen months.

Ward filed a complaint with the Equal Employment Opportunity Commission (EEOC) in June, 1977, alleging that Caulk's failure to promote him was a discriminatory action in violation of 42 U.S.C. § 2000e–5(d).

In February, 1979, Ward brought an action in the District Court for the Southern District of California against Caulk, the Director of the Human Resources Department, the Board of Supervisors of the County of San Diego, and the County itself. He alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(d); the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983; and the First, Fifth, and Fourteenth Amendments of the United States Constitution.

The district court dismissed Ward's complaint with leave to amend on the basis of the relevant statutes of limitations. Ward amended his complaint to include an alleged violation which occurred in April, 1977—that Caulk approached him during that month and stated that had he "known plaintiff was applying for another County job, he would have made sure plaintiff didn't get the job." On the basis of that additional allegation, Ward claimed that his complaint met the statutory requirements.

The district court again dismissed the statutory claims on the basis of the statute of limitations. It also dismissed the constitutional claims because federal statutory filing remedies were not inadequate. Judgment was entered for defendant.

On appeal Ward claims that his complaint alleged a continuing violation which tolled the statute until 1977. He further claims that the availability of federal statutory remedies does not preclude a cause of action against state defendants based on the federal constitution.

II.

A. *Tolling of the Statute*

Caulk failed to promote Ward in 1975. Ward claims that the district court erred in calculating the running of the statute of limitations. He alleges that Caulk's 1977 statement—that "had he known" of Ward's efforts to obtain another county job, he would have tried to frustrate those ef-

---

* The Honorable Justin L. Quackenbush, United States District Judge for the Eastern District of Washington, sitting by designation.

forts—demonstrates the ongoing nature of the violation. He argues that Caulk's statement shows that subsequent harm (sixteen months of unemployment) resulted from continuing discriminatory actions. Accordingly, Ward asserts that the statute of limitations should toll from 1975 to 1977. *Pacific Maritime Ass'n v. Quinn*, 491 F.2d 1294 (9th Cir. 1974); *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569 (9th Cir. 1973).

■ Ward's reasoning is incorrect. A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation. *Collins v. United Airlines, Inc.*, 514 F.2d 594, 596 (9th Cir. 1975). Hence, continuing non-employment resulting from an original action is not a continuing violation. *Id.*

Caulk's statement reflects his desire to have taken a negative action against Ward had the opportunity arisen. Such a misanthropic desire does not constitute a discriminatory violation. Even if the wish had been acted upon, in order to show a "continuing violation" Ward would be required to demonstrate that Caulk's desires perpetrated a subsequent, discriminatory refusal to hire. *Delaware State College v. Ricks*, —— U.S. ——, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).

Accordingly, the district court did not err in determining that the statute of limitations began to run in 1975.

### 1. *Title VII.*

■ Timely filing of a charge with the EEOC is a prerequisite to the commencement of suit under Title VII. *Collins, supra*, at 596. Title 42, U.S.C., § 2000e–5(d) requires that such charges arising from an employment practice be filed within 180 days of the practice's occurrence. Ward filed his EEOC complaint more than two years after his termination. His suit is therefore barred by the statutory filing period.

### 2. *42 U.S.C. §§ 1981 and 1983.*

■ Title 42, U.S.C., §§ 1981 and 1983 contain no facial limitations periods. The relevant statute of limitations for federally created causes of action which do not provide their own filing periods is that of the state most connected with the action. *Smith v. Cremins*, 308 F.2d 187, 189 (9th Cir. 1962). California Code of Civil Procedure § 338(1) provides for a three-year limitations period for the filing of civil actions. Accordingly, both § 1981 and § 1983 actions arising in California have been limited to this three-year filing period. *See, e. g., Cremins, supra*, at 189 (§ 1983); *Griffin v. Pacific Maritime Ass'n*, 478 F.2d 1118, 1119 (9th Cir.), *cert. den.*, 414 U.S. 859, 49 S.Ct. 69, 38 L.Ed.2d 109 (1973) (§ 1981). Plaintiff brought the instant action in 1979 based on 1975 activities. His § 1981 and § 1983 claims are accordingly barred by the statute of limitations.

### B. *Federal Constitutional Claims*

■ Ward sued Caulk and the county defendants for violations of his constitutional rights under the First, Fifth, and Fourteenth Amendments. Ward has no cause of action on the federal constitution claims because the defendants he wishes to hold liable are all amenable to suit under 42 U.S.C. § 1983. That conclusion stands notwithstanding the fact that Ward failed to avail himself of § 1983.

### 1. Bivens *Suits.*

*Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), granted a cause of action against federal defendants under the constitution where no other remedy exists at federal law. Ward seeks to extend *Bivens* against state defendants even when those defendants are subject to the federal statutory remedy of § 1983. Such an expansion of *Bivens* is unwarranted.

In *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), the Supreme Court implied that a constitutional remedy against individual state defendants is unavailable when § 1983 is available. The question in *Carlson* was the availability of a *Bivens*-type remedy against individual fed-

eral defendants who were also amenable to suit under the Federal Tort Claims Act (FTCA).

*Carlson* first cited language in the legislative history of the FTCA that expressly preserved the concurrent availability of a *Bivens*-type action against a federal defendant. *Id.* 446 U.S. at 20, 100 S.Ct. at 1472–73. It then distinguished a suit against a federal defendant from a § 1983 action against a state defendant. It cited four reasons that a *Bivens* suit is more effective than one under the FTCA, distinguishing a similar suit against state defendants under § 1983.

First, *Bivens* suits serve a deterrent purpose, while suits under the FTCA do not. The Court noted that, like the *Bivens* suit, a § 1983 action serves to deter. *Id.* 446 U.S. at 21, n. 6, 100 S.Ct. at 1473, n. 6. Next, *Bivens* and § 1983 actions allow punitive damages, unlike the FTCA. The Court stressed that allowing *Bivens* suits against federal officials serves the purpose of subjecting them to the same liability state officers face under § 1983. *Id.*, 446 U.S. at 22, 100 S.Ct. at 1473–74. Third, *Bivens* actions allow jury trials, unlike the FTCA. *Id.* 446 U.S. at 22, 100 S.Ct. at 1473–74. Finally, the Court stressed that FTCA actions exist only if allowed by the state in which the alleged misconduct occurred. *Id.* at 23, 100 S.Ct. at 1474. Citing the need for uniform treatment of claims "at least when they are against federal officials," *id.* at 24, 100 S.Ct. at 1474, it held that uniformity could not be achieved if the federal courts are limited to applicable state law. It distinguished a § 1983 action, however, noting that § 1983 serves the same purpose for state officials as do *Bivens* suits for federal officials. The Court noted that some state law restrictions on § 1983 actions are acceptable, so far as they are not inconsistent with the Constitution and the laws of the United States, because, unlike FTCA defendants, state defendants reasonably expect to be subject to regulation by the state that employs them.

*Id.* 446 U.S. at 24 n. 11, 100 S.Ct. at 1475 n. 11.

This circuit reached a similar result in a decision prior to that in *Carlson.* In *Molina v. Richardson,* 578 F.2d 846 (9th Cir.), *cert. denied,* 439 U.S. 1048, 99 S.Ct. 724, 58 L.Ed.2d 707 (1978), the court distinguished a suit under § 1983 from a *Bivens*-type situation, holding that the availability of § 1983 precluded a suit under the Constitution. The court stated:

> A primary concern of the majority in *Bivens* was that . . . [t]here was no statute pursuant to which Bivens could sue. Molina faces no such predicament, for section 1983, a remedy incorporating by reference the Constitution itself, is available to him. Indeed, he recovered against the defendant police officers in this case under that very statute. Thus, Molina who had a statutory cause of action directly under the Constitution was in a different position than was Webster Bivens. [citations omitted].

578 F.2d at 853.

In light of the foregoing, there is no basis for permitting a constitutionally based suit against state defendants where the plaintiff has a statutory remedy under § 1983.

### 2. *Availability of § 1983*

Ward argues that he should not be prevented from suing under the constitution since his § 1983 action has failed. *Molina v. Richardson, supra,* disposes of his claim. *Molina* held that a plaintiff had no constitutional cause of action against a state defendant where a § 1983 remedy was available despite the fact that the plaintiff was unable to assert his § 1983 claim against the municipal defendant.[1] *Id.*

Similarly, the availability of the statutory remedy here precludes an action under the federal constitution, even though Ward is prevented from suing under § 1983 by his failure to comply with its limitations period.

The judgment of the district court is AFFIRMED.

---

1. Although Molina failed to assert a § 1983 action against the municipal defendant in that case, the statute is available in actions against municipalities. *Monell v. Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).