798 F.2d 469
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maurice Edward HUGHLEY, Plaintiff-Appellant,
Gary GERBITZ, District Attorney General; James Jackson,
Prosecutor; and State of Tennessee, Defendants-Appellees.
 No. 85-6128.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1986.
 
 1
 Before KRUPANSKY and GUY, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Hughley moves for counsel and to consolidate on appeal from the district court's order dismissing his prisoner's Civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and Hughley's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure,
 
 
 3
 Hughley's complaint alleges that the defendants conspired to obtain his indictment by a Chattanooga, Tennessee grand jury. He also alleges that he was subsequently convicted pursuant to a plea bargain and is currently incarcerated due to that conviction. The district court held that the complaint was barred by the appropriate one year Tennessee statute of limitations, T.C.A. Sec. 528-3-104; Wilson v. Garcia, --- U.S. ---- 105 S.Ct. 1938, 1947 (1985). We agree with the district court that Hughley's claims for false arrest and malicious prosecution are both barred by the Tennessee statute. Dunn v. State of Tennessee, 697 F.2d 121, 126-27 (6th Cir.), cert. denied, 460 U.S. 1086 (1983).
 
 
 4
 Hughley argues that the statute of limitations did not begin to run until he knew of his injury. A plaintiff has reason to know of his injury when he should have discovered it through due diligence. Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984). Here Hughley clearly knew of the allegedly false accusations against him at the time of indictment and plea, so the statute of limitations began to run at those times.
 
 
 5
 Finally, Hughley argues that his current imprisonment constitutes a . continuing injury so that the statute of limitations has not run. A continuing violation sufficient to toll the statute of limitations is occasioned by continual unlawful acts, not by continual ill-effects from an original violation. Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981). The acts of the police officer and prosecutor ended with the indictment and plea in this case, so Hughley's imprisonment does not constitute a continuing violation,
 
 
 6
 The motion for counsel and to consolidate is denied. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument,
 
 
 
 *
 The Honoralbe S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation