Eula Mae HUNT, Laverne Washington,
Helen Bartley, Carrie Mae Oxendine,
Lula Deese Locklear, Ada Lee Jones
Hayes, Deborah Lynn Stephens; Daniel
Locklear; Marshall Randall Deese and
Helen Oxendine, Appellants,

and

Lucratie Locklear; Euna Mae Oxendine
and Ernestine Graham, Plaintiffs,

v.

ROBESON COUNTY DEPARTMENT OF
SOCIAL SERVICES; Russell Sessions,
individually and in his official capacity
as Director of Robeson County Depart-
ment of Social Services; William Hern-
don, Lee Helen Thompson, Harold
Smith, Zeb Oxendine, and George Zie-
gler, individually and in their official
capacity as members of the Board of
Directors of the Robeson County De-
partment of Social Services; and Ho-
ward Davis and Peggy Chavis Wilker-
son, in their official capacity as newly
appointed members of the Board of Di-
rectors of the Robeson County Depart-
ment of Social Services, Appellees.

No. 86–3517.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 6, 1986.

Decided April 10, 1987.

William L. Davis, III, Fuquay-Varina, N.C. (Julian T. Pierce, Lumbee River Legal Services, Inc., on brief), for appellants.

W.R. Loftis, Jr. (Penni Pearson Bradshaw, Petree Stockton & Robinson, Winston-Salem, N.C., on brief), for appellees.

Before WIDENER and PHILLIPS, Circuit Judges, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.

WILLIAMS, District Judge.

Plaintiffs appeal the grant of summary judgment in favor of defendants in this civil action implicating the defendants' administration of the North Carolina Crisis Intervention Program, which is part of the State's Low-Income Home Energy Assistance Program created pursuant to the Low-Income Home Energy Assistance Act of 1981 ("LIHEA" or "the Act"), 42 U.S.C. §§ 8621–8629. Plaintiffs allege that the district court erroneously concluded that they had no private right of action under LIHEA, that they failed to show an independent cause of action under 42 U.S.C. § 1983, and that they failed to show any denial of due process or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution respectively. Because we conclude that plaintiffs have failed to exhaust their administrative remedies under LIHEA and that the statute does not create enforceable "rights" under 42 U.S.C. § 1983, we modify and affirm.

I.

Thirteen plaintiffs brought this action against the Robeson County Department of Social Services, its Director, and members of its Board of Directors in their individual and official capacities alleging violations of 42 U.S.C. § 1983 and 42 U.S.C. § 8621, *et seq.* (LIHEA). Plaintiffs contend that they were denied their rights to apply for emergency assistance when defendants told them "no funds" were available, and that their applications, if accepted, were wrongfully denied because of defendants' willful non-compliance with federal and state LIHEA regulations. On cross-motions for summary judgment, the district court ruled in favor of defendants.

II.

While the district court found that LIHEA does not provide a private cause of action for plaintiffs, we need not reach that question.

The Act affords plaintiffs administrative remedies of which they have not

availed themselves. Section 8624(b)(13) requires the States to "provide an opportunity for a fair administrative hearing to individuals whose claims for assistance ... are denied or are not acted upon with reasonable promptness." North Carolina General Statutes § 108A–79 provides plaintiffs with such an opportunity. Except for their Section 1983 claim, plaintiffs must exhaust their state administrative remedies before suing in federal court. *See Illinois Commerce Comm. v. Thomson,* 318 U.S. 675, 63 S.Ct. 834, 87 L.Ed. 1075 (1943); Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 4233; *Patsy v. Board of Regents of the State of Florida,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Accordingly, their LIHEA claim must be dismissed, and the district court's ruling is modified to that extent.[1]

■ Exhaustion cannot be required in a Section 1983 action, however.[2] *Patsy,* 457 U.S. 496, 102 S.Ct. 1557. To determine whether a 1983 claim arises, courts have applied a two-pronged test: (1) whether Congress, in enacting the statute and its enforcement scheme, foreclosed private enforcement, *and* (2) whether the statute is the kind that creates substantive obligations or enforceable "rights" within the meaning of Section 1983. *Pennhurst State School and Hospital v. Halderman,* 451 U.S. 1, 28, 101 S.Ct. 1531, 1545, 67

L.Ed.2d 694 (1981); *Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1, 19, 101 S.Ct. 2615, 2625, 69 L.Ed.2d 435 (1981). The district court answered the first prong affirmatively and the second negatively. We need only concur with the district court's finding that LIHEA does not create substantive rights of the kind contemplated by *Maine v. Thiboutot,* 448 U.S. 1, 4 100 S.Ct. 2502, 2504, 65 L.Ed.2d 555 (1980), and *Pennhurst,* 451 U.S. at 28, 101 S.Ct. at 1545, as actionable under § 1983. If a plaintiff fails either of these prongs, he has no cause of action under § 1983. *Pennhurst,* 451 U.S. at n. 21, 101 S.Ct. at n. 21; *Perry v. Housing Authority of the City of Charleston,* 664 F.2d 1210, 1217 (4th Cir. 1981).

Plaintiffs have not pointed to any substantive provision of LIHEA that gives them a tangible right, privilege or immunity.

■ While plaintiffs cite *Boles v. Earl,* 601 F.Supp. 737 (W.D.Wis.1985), in which the court concluded that the "priority requirements of § 8624(b)(5)"[3] granted plaintiffs a substantive right under LIHEA, the analysis there is unpersuasive. First, even the *Boles* court noted that "[i]t is true that § 8624 does not give plaintiffs an absolute entitlement to [LIHEA] benefits." *Id.* at

---

1. In any event, the Court notes that should a private right of action exist under LIHEA, it would lie against the Secretary of Health and Human Services or the Attorney General, and not against these defendants. The Act does contemplate complaints by private individuals, but those complaints are to be lodged only with the Secretary, not with a federal district court. Section 8627(a)(2) requires the Secretary to "respond in an expeditious and speedy manner to complaints of a substantial or serious nature." Whenever the Secretary "determines that there is a pattern of complaints ... he shall conduct an investigation." 42 U.S.C. § 8627(b)(2). If he finds that a State is not in substantial compliance with the Act's assurances, he shall withhold funds from that State. 42 U.S.C. § 8627(a)(1). And, the Attorney General may be authorized by the Secretary to bring a civil action in federal district court whenever "he has reason to believe that the State is engaged in a pattern or practice [of discrimination]...." 42 U.S.C. § 8625(c). Failure of the Secretary or the Attorney General to fulfill these require-

ments may subject them to suit in federal court. However, county administrators of the State's low-income home energy assistance program created under the Act would not be proper defendants.

2. Because defendants here are all local officials, any cause of action against them for unconstitutional conduct under color of state law could only proceed under § 1983. *See Ward v. Caulk,* 650 F.2d 1144 (9th Cir.1981). Accordingly, the due process and equal protection claims are treated not as distinct actions but as claims under § 1983.

3. 42 U.S.C. § 8624(b)(5) requires the chief executive officer of each State to certify that the State agrees to "provide, in a manner consistent with the efficient and timely payment of benefits, that the highest level of assistance will be furnished to those households which have the *lowest incomes and the highest energy costs in* relation to income, taking into account family size."

743.[4] Second, § 8624 merely requires *"each state"* to provide "assurances" similar in form to those involved in *Pennhurst*. The *Pennhurst* court held that 42 U.S.C. § 6000, *et seq.* did not create enforceable rights in the handicapped. If anything, the "rights" claimed in *Pennhurst* were more definite than those claimed here. *Compare, e.g.,* 42 U.S.C. § 6010 *with* 42 U.S.C. § 8624. We therefore conclude that § 8624 does not create any legally cognizable rights in plaintiffs.

Plaintiffs also refer to 42 U.S.C. § 8623(c), but a look at the plain language of this provision reveals only that the States are required to reserve from the funds allocated to them "a reasonable amount ... for energy crisis intervention." No mention is made specifically or impliedly to individuals or to the establishment of any rights in these individuals.

As was the act involved in *Pennhurst*, LIHEA is a mere federal-state funding statute,[5] which gives actual assistance to the States and only indirect benefits to qualified households. The Act's language and structure demonstrate this. Section 8621(a), the general purpose section, provides that the Secretary is authorized "to make grants, in accordance with the provisions of this subchapter, to States to assist eligible households to meet the costs of home energy." Nothing in any of LIHEA's provisions can be said to intend the creation of the kind of rights to which a remedy in favor of persons such as the plaintiffs could attach.

Based on the foregoing, the court concludes that plaintiffs failed to show that they have an independent cause of action under 42 U.S.C. § 1983. The district court did not err in granting defendants summary judgment on plaintiffs' § 1983 claim.

MODIFIED and AFFIRMED.

---

**4.** Our case is thus distinguishable from *Wright v. Roanoke Redevelopment and Housing Authority,* 479 U.S. ——, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987), in which the Supreme Court held that the Brooke Amendment to the Housing Act of 1937, 42 U.S.C. § 1437(a) (1982 ed. and Supp. III), conferred on tenants benefits that were "sufficiently specific and definite to qualify as enforceable rights under *Pennhurst* and § 1983." The Brooke Amendment imposed a ceiling on rents charged to low-income persons living in public housing projects, which the Court characterized as a *"mandatory limitation."* 107 S.Ct. at 774, 93 L.Ed.2d at 792 (emphasis added).

**5.** That LIHEA is a statutory scheme involving state administration of federal assistance monies further distinguishes it from the housing act scheme considered in *Wright*.