985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NORTHERN KENTUCKY WELFARE RIGHTS ASSOCIATION and Michelle
Asbury, Plaintiffs-Appellants,
v.
Brereton JONES, Governor of Kentucky, Defendant-Appellee.
 No. 92-5634.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1993.
 
 Before KENNEDY and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The Northern Kentucky Welfare Rights Association (the "Association"), representing certain low-income plaintiffs in this class action, appeals the dismissal of its 42 U.S.C. § 1983 action against officials of the Commonwealth of Kentucky.
 
 
 2
 The Association brought this action for declaratory and injunctive relief against the Governor of Kentucky and the Cabinet for Human Resources to prevent the alleged unlawful implementation of the Low-Income Home Energy Assistance Act of 1981 ("LIHEAA" or the "Act"), 42 U.S.C. §§ 8621-29, for the fiscal year 1990. On August 30, 1990, the District Court for the Western District of Kentucky enjoined the Commonwealth from implementing the Low-Income Home Energy Assistance Program ("LIHEAP") as planned and granted the Association's motion for summary judgment. In the state's appeal, this Court held that the action had been brought in an improper venue, vacated the injunction and remanded the case for transfer to the Eastern District of Kentucky. Northern Kentucky Welfare Rights Association v. Wilkinson, 1991 WL 86267, 1991 U.S.App. LEXIS 11472 (unpublished opinion).
 
 
 3
 In separate but related litigation, the District Court in the Eastern District of Kentucky issued a permanent injunction against Kentucky's Cabinet for Human Resources (the "Cabinet"), ordering it not to implement another aspect of the Kentucky LIHEAP as proposed. On January 24, 1992, this Court dissolved the injunction for lack of jurisdiction. Cabinet For Human Resources v. Northern Kentucky Welfare Rights Association, 954 F.2d 1179 (6th Cir.1992). To distinguish the two cases, the present case will be referred to as LIHEAP I, since it was filed first, and the other case decided in the January 24, 1992 decision will be referred to as LIHEAP II. Based on the decision in LIHEAP II, the District Court dismissed LIHEAP I on January 28, 1992. The Association filed a timely notice of appeal. We AFFIRM.
 
 I.
 
 4
 The purpose of LIHEAA is to provide eligible households with assistance in meeting the costs of home heating. The Act authorizes the Secretary of Health and Human Services ("HHS") to issue block grants to participating states that give assurances that the program will be administered according to the conditions found in the Act. These conditions include eligibility requirements of beneficiaries, public hearings, outreach activities, accounting methods and the provision of administrative remedies. See 42 U.S.C. § 8624(b).
 
 
 5
 The Commonwealth of Kentucky devised a LIHEAP which was approved by the Secretary of HHS. Under its program, Kentucky divided the $16 million of federal money it received into two components: one-third of the fund is allocated to what is known as the subsidy component of the program and two-thirds is allocated for crisis intervention. R.14 Findings of Fact; Joint App. at 268-69.
 
 
 6
 The crisis funds are paid to community agencies which in turn distribute them to all households which are below 110% of the federal poverty level and which are experiencing a home heating crisis. However, eligibility to participate in the subsidy component of the program is limited to the elderly and the disabled. The defendants determined that the elderly and the disabled are more needy than the plaintiff class. The Association is challenging this limitation on behalf of those low-income households that do not include any elderly or disabled persons, that would otherwise qualify to apply for the subsidies.
 
 
 7
 The Association asserts that the non-eligibility of the plaintiff class for heating assistance subsidies violates the Act for two reasons. First, section 8624(b)(5) requires participating states to certify that "the highest level of assistance will be furnished to those households which have the lowest incomes and the highest energy costs in relation to income, taking into account family size." The Association claims that those excluded had lower incomes and higher fuel bills than some of the subsidy eligible group. Second, section 8624(b)(2)(B) provides that "no household may be excluded from eligibility ... if the household has an income which is less than 110 percent of the poverty level for such State." The Association claims that households excluded from eligibility for subsidies had incomes less than 110 percent of the poverty level.
 
 II.
 
 8
 Before this Court may reach the merits of these issues, it must have federal jurisdiction over the Association's claims. In LIHEAP II, this Court held that, prior to exhausting state administrative remedies, there is no implied private cause of action under the Act, and that the Act creates no independent rights enforceable under 42 U.S.C. § 1983. LIHEAP II, 954 F.2d at 1180.
 
 
 9
 In LIHEAP II, the Association raised three claims challenging the Cabinet's administration of the Kentucky LIHEAP. First, it claimed that Kentucky's method for calculating benefit levels unlawfully discriminated against tenants of publicly subsidized housing, in violation of section 8624(f)(1) (formerly 8624(f)). Next it claimed that owners and renters were not treated equally, in violation of section 8624(b)(8)(B) (formerly 8624(b)(8)). Finally, it claimed that the Kentucky LIHEAP did not provide the highest benefits to applicants with the lowest incomes and highest energy costs in relation to income, in violation of section 8624(b)(5). The District Court addressed only the first claim and held that the Kentucky LIHEAP violated section 8624(f) which prohibits states from reducing the federal heating subsidy based on a household's receipt of other forms of public assistance.
 
 
 10
 This Court did not reach the merits of any of the three challenges because we found that there was no federal jurisdiction over the Association's claims. After a lengthy analysis of the factors the Supreme Court has provided to determine whether a private remedy is implicit in a federal statute where the statute is silent, see Cort v. Ash, 422 U.S. 66 (1975), we found that there is no implied private action under LIHEAA. In a related inquiry, we concluded that the Act does not create substantive rights enforceable under 42 U.S.C. § 1983. The Fourth Circuit reached the same conclusions in Hunt v. Robeson County Department of Social Services, 816 F.2d 150, 152 (4th Cir.1987). In reaching these conclusions, this Court rejected the reasoning of the Eighth Circuit which found support in the Act for an implied original right of action and the existence of rights enforceable under section 1983. Crawford v. Janklow, 733 F.2d 541 (8th Cir.1984).
 
 
 11
 The Association's attempts to distinguish its present challenge from its challenges in LIHEAP II are unpersuasive. The clear and unambiguous decision in LIHEAP II controls the outcome in this case. The holding applies to the Act in its entirety, so the argument that the outcome here should be different because a different section of the Act is involved is without merit. There is nothing in the record indicating that the plaintiffs have pursued their administrative remedies. The Association argues that the available administrative process is inadequate to challenge the complete denial of eligibility. Joint App. at 13-15. However, because we are without jurisdiction, the plaintiffs are left to their state administrative remedies under section 8624(b)(13). The plaintiffs may also challenge Kentucky's alleged maladministration of the program pursuant to section 8627(a)(2) by filing a complaint with the Secretary of HHS. The Secretary is required to respond to the complaint and withhold funds from "any State which does not utilize its allotment substantially in accordance with the ... assurances such State provided under section 8624." 42 U.S.C. § 8627(a)(1).
 
 III.
 
 12
 Accordingly, the District Court's dismissal of the Association's complaint is AFFIRMED.