**Tiffany A. OWENS et al., Plaintiffs,**

v.

**Mark S. SWAN et al., Defendants.**

**Civil No. 2:96CV0867C.**

United States District Court,
D. Utah,
Central Division.

April 25, 1997.

ORDER

CAMPBELL, District Judge.

This case is now before the court on the following motions: (1) defendants Mark S. Swan's and Richer, Swan & Overholt's ("Swan defendants") motion to dismiss the amended complaint and for attorneys' fees; (2) defendant Wells Fargo's ("Wells Fargo") motion to dismiss the amended complaint and for attorneys' fees; and (3) plaintiffs' motion for leave to file a second amended complaint. A hearing on these motions was held on April 3, 1997. The court has considered the arguments of counsel presented at the hearing, along with the memoranda filed by the parties in these matters, and finds as follows:

## BACKGROUND

This case, which arises from an allegedly unconstitutional search of plaintiffs' home, has its origins in a civil judgment in the amount of over $3.5 million which defendant Wells Fargo Bank obtained against plaintiffs Lee and Anita Bangerter ("Bangerters"). Wells Fargo was awarded the judgment by the California Superior Court for the County of Orange on June 7, 1990. Because the Bangerters resided in Utah, Wells Fargo had the judgment docketed in the Third Judicial District Court of Salt Lake County, State of Utah, and began collection efforts in this state. This occurred in approximately November 1991.

For several years after docketing the judgment in Utah, Wells Fargo attempted unsuccessfully to collect the award it held against the Bangerters. The Bangerters not only failed to make any voluntary payments on the judgment, but also claimed that their home, and much of their personal property, could not be used to satisfy the judgment because it was purchased with funds from a trust and, as such, did not belong to them.[1] Despite this inability to execute the judgment, which with accrued interest now exceeds $4 million, Wells Fargo continued to pursue collection efforts against the Bangert-

Randy S. Ludlow, Salt Lake City, UT, for Swan defendants.

Kathryn Ogden Balmforth, Wood Quinn & Crapo, L.C., Salt Lake City, UT, for Wells Fargo.

Jeffrey N. Walker, Holman & Walker, Salt Lake City, UT, David N. Sonnenreich, Weiss Berrett Sonnenreich Loyd, L.C., Salt Lake City, UT, for plaintiffs.

---

1. Lee and Anita Bangerter claim that their home, and the personal property contained therein, were purchased with funds from the Lee R. Bangerter Family Partnership Trust, which they as-sert was established in the late 1970's for the benefit of their children. (*See* Amended Complaint ¶¶ 14–18).

ers. For this purpose, Wells Fargo hired defendants Mark Swan and the firm of Richer, Swan & Overholt, P.C. ("RS & O") in October 1995.

Acting on Wells Fargo's behalf, defendants Swan and RS & O, on October 13, 1995, moved for and obtained an order for supplemental proceedings against the Bangerters, requiring them to appear before the Third District Court to inform the court of their financial status and identify their assets. This supplemental proceeding was to occur on November 9, 1995. However, on October 19, 1995, before the supplemental proceeding had occurred, and less than a week after obtaining the order for the supplemental hearing, defendants Swan and RS & O prepared and obtained a writ of execution, issued by the Third District Court and signed by a deputy clerk of that court. The writ of execution directed the sheriff or constable of Salt Lake County to levy and sell enough unexempted personal and real property in the Bangerters' possession to satisfy the judgment held by Wells Fargo.

In support of the writ of execution, Swan and RS & O also prepared and obtained a writ of assistance, which expressly authorized them to enter the Bangerters' residence and to inventory the contents located therein. The writ of assistance authorized Swan and RS & O to use reasonable force, including the use of a locksmith, to open any doors, safes, or locked containers on the property. The writ of assistance was issued and signed, on October 24, 1995, by the Honorable Kenneth Rigtrup, Third District Court, State of Utah.

On October 26, 1995, two days after obtaining the writ of assistance, defendants Swan and RS & O, accompanied by Salt Lake County Deputies Orson Madsen and Dale Hitesman, entered the Bangerters' residence. As authorized by the writ of assistance, they inventoried the contents of the residence, they did not seize any property. It is this entry into the Bangerters' residence, executed pursuant to the writ of assistance, which forms the basis of plaintiffs' action.

## PROCEDURAL HISTORY

On October 11, 1996, plaintiffs filed a three-count complaint against defendants Wells Fargo Bank, Mark Swan, and Richer, Swan & Overholt. Count I, based on 42 U.S.C. § 1983, sought damages from defendants for violation of plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution. Count II alleged that defendants had violated Article I, Section 14 of the Constitution of Utah. Count III asserted a claim for intentional infliction of emotional distress. While plaintiffs acknowledged that defendants obtained a writ of assistance and quote language of the actual writ in their complaint, plaintiffs nonetheless maintained that the search of their home was warrantless and therefore unconstitutional.

On November 4, 1996, the Swan defendants filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6). On November 15, 1996, defendant Wells Fargo similarly filed a motion to dismiss. Wells Fargo also moved the court for attorneys' fees.

On December 2, 1996, in response to these motions to dismiss, plaintiffs filed an amended complaint. In the amended complaint, plaintiffs added Deputies Madsen and Hitesman as defendants and added two causes of action—a constitutional claim brought directly under the Fourth and Fourteenth Amendments to the United States Constitution and a claim for trespass.[2] Plaintiffs eliminated their claim for intentional infliction of emotional distress. In the amended complaint, plaintiffs no longer alleged that there was a warrantless search on their premises, but claimed that the writ of assistance had been issued by Judge Rigtrup without notice to any of the plaintiffs, and without the support of an affidavit of probable cause.

Once again, Wells Fargo and the Swan defendants filed motions to dismiss. Wells Fargo filed its motion on January 2, 1997, and the Swan defendants filed their motion on January 8, 1997. As part of their re-

---

**2.** Even though plaintiffs added these new parties to their amended complaint, the record indicates that these two individuals have not yet been served. Accordingly, these parties are dismissed from this action in accordance with Fed.R.Civ. P.4.

newed motion to dismiss, the Swan defendants now moved for attorneys' fees.

On January 27, 1997, plaintiffs filed a motion for leave of court to file yet another complaint. The second amended complaint added no new claims, but simply acknowledged that defendants had in fact filed an affidavit in support of their application for the writ of assistance. This time, however, plaintiffs alleged that even though defendants filed an affidavit in support of the writ of assistance, the affidavit was incomplete and conclusory, and thereby legally insufficient to establish probable cause. Both Wells Fargo and the Swan defendants filed memoranda in opposition to plaintiffs' motion for leave to file the second amended complaint.

DISCUSSION

*Defendants' Motions to Dismiss the Amended Complaint*

As amended, plaintiffs' complaint lists four causes of action: (1) violation of the Fourth and Fourteenth Amendments to the United States Constitution; (2) violation of 42 U.S.C. § 1983; (3) violation of Article I, Section 14 of the Constitution of Utah; and (4) trespass. In their respective motions, Wells Fargo and the Swan defendants move the court to dismiss the entire complaint on the ground that it fails to state a claim under Rule 12(b)(6). The court agrees and dismisses the amended complaint as to all defendants. However, as plaintiffs and defendants have presented matters outside of the pleadings, namely the affidavit filed by defendants in State Court to obtain the writ of assistance, the court is treating both motions to dismiss as motions for summary judgment as provided by Rule 12(b)(6).[3]

■ At the outset it is necessary to clarify that although plaintiffs' amended complaint contains four claims for relief, the first and second claims state only one cause of action. It has been uniformly held that plaintiffs may not assert a cause of action directly under the Constitution where the statutory remedy of 42 U.S.C. § 1983 is available to them.

*See, e.g., Berrios v. Agosto,* 716 F.2d 85, 88–89 (1st Cir.1983); *Ward v. Caulk,* 650 F.2d 1144, 1148 (9th Cir.1981) (concluding that section 1983 afforded plaintiff an equally effective alternative remedy); *Molina v. Richardson,* 578 F.2d 846, 853 (9th Cir.1978). Accordingly, plaintiffs' first two claims for relief constitute a single cause of action, based on § 1983, for defendants' allegedly unconstitutional conduct.

■ In support of their motions to dismiss, Wells Fargo and the Swan defendants argue that no legally sufficient basis exists to support a § 1983 claim against them inasmuch as they are private actors and a claim under § 1983 may only be brought against a party whose actions were taken under color of state law. Plaintiffs contend that while it is true that Wells Fargo and the Swan defendants are in fact private parties, they acted under color of state law when they invoked the aid of state officials to obtain and execute the writ of assistance.

To succeed on a claim under 42 U.S.C. § 1983, a plaintiff must show that he was denied a federally secured right by defendant acting under color of state law. *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 155–56, 98 S.Ct. 1729, 1732–33, 56 L.Ed.2d 185 (1978). A defendant acts under color of state law if that person's conduct is "fairly attributable" to the state. *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). The Supreme Court has set forth a two-pronged inquiry to determine whether the actions of a private party can be attributable to the state: First, the deprivation must be caused by the exercise of some right or privilege created by a state rule or policy; Second, the private party must have "acted together with or ... obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the state." *Wyatt v. Cole,* 504 U.S. 158, 162, 112 S.Ct. 1827, 1830, 118 L.Ed.2d 504 (1992) (quoting *Lugar,* 457 U.S. at 937, 102 S.Ct. at 2753).

---

**3.** Rule 12(b)(6) provides that if on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.

In this case, the alleged constitutional deprivation complained of by plaintiffs—defendants' conduct in obtaining and executing the writ of assistance—was clearly caused by defendants' exercise of their rights under Utah rules and procedures. This satisfies the first prong of the Supreme Court's test. In addition, defendants directly invoked the authority and aid of county sheriffs in executing the writ. The record is clear that Deputies Madsen and Hitesman assisted defendants in entering and inventorying plaintiffs' home. This "willful participation in joint activity" with officers of the State is enough to fairly characterize Wells Fargo and the Swan defendants as state actors, thus satisfying the second prong of the test. *See, e.g., Lugar*, 457 U.S. at 941, 102 S.Ct. at 2756 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605–1606, 26 L.Ed.2d 142 (1970)); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1266–67 (3rd Cir.1994) (holding that a private party who enlists the compulsive powers of the state to seize property acts under color of state law); *Rappaport v. Norlar, Inc.*, No. 93–4756, 1994 WL 167959, at *2 (E.D.Pa. Apr.29, 1994). As both prongs of the test attributing acts of private parties to the state are met in this case, the court finds that Wells Fargo and the Swan defendants were acting under color of state law within the meaning of 42 U.S.C. § 1983.

■ Wells Fargo and the Swan defendants claim that even if their actions were taken under color of state law, plaintiffs have still failed to state a cause of action because the writ of assistance issued by Judge Rigtrup was obtained and executed in accordance with the constitutional requirements of the Fourth and Fourteenth Amendments. Plaintiffs, however, argue that the writ of assistance was issued without notice or a finding of probable cause, thereby violating their constitutional right against unreasonable searches and seizures.[4]

■ The Fourth Amendment's protection against unreasonable searches and seizures applies in civil contexts. *Soldal v. Cook, County, Illinois*, 506 U.S. 56, 66, 113 S.Ct. 538, 546, 121 L.Ed.2d 450 (1992). In the civil context, however, the standards of reasonableness are less stringent than in the criminal context. *Paramount Pictures Corp. v. Twentieth Century Fox Film Corp.*, 821 F.Supp. 82, 90 (E.D.N.Y.1993); *see also Nixon v. Administrator of General Services*, 408 F.Supp. 321, 366 (D.D.C.1976) (stating "there is considerable authority for the proposition that a less strict and particularized government showing is necessary to comply with the Fourth Amendment's reasonableness requirement when the search is entirely 'civil' in nature") (citations omitted). Although notions of probable cause and specificity guide courts in the determination of the overall reasonableness of a civil search, they do not apply strictly in the case of an administrative or civil order of seizure. *Paramount*, 821 F.Supp. at 89 (quoting *United States v. Gordon*, 493 F.Supp. 808, 813 (N.D.N.Y.1980), *aff'd*, 655 F.2d 478 (2d Cir.1981)).

In this case, the court finds that the search, or inventory, of plaintiffs' residence meets the Fourth Amendment's requirement of reasonableness. The record is clear that defendants submitted an affidavit in support of the writ of assistance, and that Judge Rigtrup issued the writ only after a review of the affidavit. While plaintiffs argue that the affidavit omits critical information, is conclusory, and is thus fatally deficient on its face, the court does not agree. The court finds that the supporting affidavit sets forth a sufficient factual basis to justify issuing the writ under the less stringent standard of a civil case.[5] Accordingly, the court finds that

---

4. The actual complaint before the court on defendants' motions to dismiss is the amended complaint that plaintiffs filed on December 2, 1996, not the second amended complaint which is the subject of plaintiffs' motion to amend. However, the court's analysis for determining whether a constitutional violation occurred reaches the issue raised in the second amended complaint: that is, the sufficiency of the affidavit filed in support of the writ of assistance.

5. It should be noted that although plaintiffs rely heavily on the case of *State v. Hinchey*, 220 Neb. 825, 374 N.W.2d 14 (1985), to argue that the affidavit is constitutionally insufficient, dicta from the case seems to support this court's ruling. In *Hinchey*, for example, the court provided that "inspection warrants" should be issued "only by a judge of a court of record upon reasonable cause." *Id.* at 20.

plaintiffs have failed to demonstrate any constitutional violation under the Fourth and Fourteenth Amendments. Therefore, plaintiffs' first and second claims are hereby dismissed with prejudice.[6]

The court's dismissal of plaintiffs' first and second causes of action leaves two remaining state law claims: (1) violation of the State Constitution of Utah; and (2) trespass. The court declines to exercise its supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367. Accordingly, these claims are dismissed without prejudice.

Based on the foregoing analysis, the respective motions of defendant Wells Fargo and defendants Mark Swan and Richer, Swan & Overholt to dismiss plaintiffs' amended complaint are granted.[7]

*Plaintiffs' Motion to File a Second Amended Complaint*

Plaintiffs move the court for leave to file a second amended complaint pursuant to Fed. R.Civ.P. 15(a). This motion is denied. As shown by the above discussion, plaintiffs' second amended complaint fails to state a cause of action because the court finds that the affidavit filed by defendants in support of the writ of assistance sets forth sufficient facts to justify issuing the writ under the less stringent standard of a civil case. Accordingly, to allow plaintiffs to file their second amended complaint would be futile and therefore denial of leave to amend is appropriate. *See, e.g., Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983) (holding that one of the reasons which will justify the denial of leave to amend is futility of amendment).

*Defendants' Motions for Attorneys' Fees*

■■■ Both Wells Fargo and the Swan defendants move the court for an award of attorneys' fees under 42 U.S.C. § 1988, and for sanctions under Fed.R. Civ. P. 11. It is well settled that a "prevailing party" in a

§ 1983 action may be entitled to reasonable costs and attorneys' fees. 42 U.S.C. § 1988(b) (1994). However, a defendant may only recover such fees in a § 1983 action if the suit "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)); *Crabtree v. Muchmore,* 904 F.2d 1475, 1477–79 (10th Cir. 1990).

In this case, the record establishes that plaintiffs' amended complaint, filed on December 2, 1996, was based on a factual allegation which was untrue, plaintiffs alleged that no affidavit was filed in support of the writ of assistance. While the court finds no evidence that this misrepresentation was made to the court in bad faith, the court finds that it was unreasonable and without foundation. That defendants filed an affidavit in support of their application for a writ of assistance is a matter of public record which plaintiffs easily could have confirmed. However, without even checking the state court file for the existence of the affidavit, plaintiffs represented to the court that such an affidavit did not exist and based the amended complaint on this assumption. For this reason, the court grants defendants motions for attorneys' fees under 42 U.S.C. § 1988(b). The court's award of attorneys' fees, however, is limited to those costs and fees associated with defendants' efforts to dismiss the December 2 amended complaint, plaintiffs are not liable for fees incurred in association with the original complaint or the second amended complaint. The court directs Wells Fargo and the Swan defendants to submit to the court an affidavit of costs and fees which they incurred in opposing plaintiffs' amended complaint.

---

6. As previously explained, although plaintiffs' amended complaint contains four claims for relief, the first and second claims are in essence only one claim as constitutionally implied causes of action have been found to be unavailable to plaintiffs seeking to hold state and local officials liable for their unconstitutional conduct under the color of state law. *See, e.g., Ward v. Caulk,* 650 F.2d 1144, 1148 (9th Cir.1981).

7. The court recognizes that there is a question regarding the standing of plaintiffs Lee and Anita Bangerter due to their Chapter 7 bankruptcy filing. However, given the court's decision to dismiss this action on the grounds stated above, there is no need reach the merits of this issue.

## CONCLUSION

In light of the foregoing analysis, the court orders the following:

(1) The respective motions of defendant Wells Fargo Bank and defendants Mark Swan and Richer, Swan & Overholt to dismiss plaintiffs' amended complaint are granted.[8]

(2) Plaintiffs' motion for leave to file a second amended complaint is denied.

(3) The respective motions of defendant Wells Fargo and defendants Mark Swan and Richer, Swan & Overholt for attorneys' fees is granted in part.

8. As previously explained, the court is treating these motions to dismiss as motions for summary judgment.