Wayne DEVEY, Plaintiff—Appellant,

v.

CITY OF LOS ANGELES, a Municipality; Bernard Parks, individually and in his official capacity, Defendants—Appellees.

No. 03–55605.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2005.

Decided April 15, 2005.

Anthony N. Luti, Esq., Mathews & Rager, LLP, Pasadena, CA, for Plaintiff–Appellant.

Gerald M. Sato, Esq., Angel Manzano, Jr., Esq., Los Angeles City Attorney's Office, Los Angeles, CA, for Defendant–Appellee.

Before: PREGERSON, CANBY, and BEEZER, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM *

Appellant Wayne Devey appeals the district court's dismissal of his complaint as time-barred because the one-year statute of limitations had expired. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* a district court's dismissal for failure to adhere to the applicable statute of limitations. *See Underwood Cotton Co. v. Hyundai Merchant Marine, Inc.*, 288 F.3d 405, 407 (9th Cir.2002). We review for abuse of discretion a district court's decision whether to retain jurisdiction over supplemental state law claims when a plaintiff's federal claims are dismissed. *See Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir.2004). For the reasons stated below, we affirm the district court.

■ Devey's federal claims are governed by a one-year statute of limitations. *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir.1993). The injuries for which Devey seeks redress are the allegedly unlawful search, seizure and false imprisonment which all occurred on November 16, 2000. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir.2002). Because Devey has known of these injuries since the date that they occurred, the district court properly concluded that the statute of limitations began to run on November 16, 2000. Unless Devey's federal claims are tolled, his action, filed almost two years after the date of his injuries, is time-barred. *See Fink v. Shedler*, 192 F.3d 911, 915 (9th Cir.1999).

■ Devey argues that his action should be tolled because he suffered "continuing violations." This argument fails for two reasons. First, Devey waived this argument by failing to raise it before the district court. *See United States v. Whitten*, 706 F.2d 1000, 1012 (9th Cir.1983).

Second, Devey failed to allege facts sufficient to demonstrate either a widespread or systemic unconstitutional policy or practice or a series of related acts against him. *See Green v. Los Angeles County Superintendent of Schs.*, 883 F.2d 1472, 1480–81 (9th Cir.1989). Because the investigation of his tort claim and the Board of Rights hearings stemmed from the original injuries and are not pled as constitutional violations the continuing violations theory does not apply. *See Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir.1981).

Alternatively, Devey contends that *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), should toll the statute of limitations until his administrative hearings were completed on June 11, 2002. *See Heck*, 512 U.S. at 486–87, 114 S.Ct. 2364. However, as Devey never faced criminal charges—much less suffered a criminal conviction or sentence—there was never a bar to Devey's action, and *Heck* tolling is inapplicable. *See id.* at 486–87, 114 S.Ct. 2364 (prohibiting civil actions that would render an underlying *conviction, sentence* or pending *criminal charge* invalid).

Because the district court properly dismissed Devey's federal claims, it did not abuse its discretion in dismissing Devey's state law claims. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir.2001).

AFFIRMED.