#26796-a-GAS
**2014 S.D. 52**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, | Plaintiff and Appellee, |
| v. | |
| RAYMOND D. ELLIOTT, | Defendant and Appellant, |
| and | |
| JOAN L. ELLIOTT and<br>ANY PERSON IN POSSESSION, | Defendants, |
| RAYMOND D. ELLIOTT, | Counterclaimant, Third-<br>Party Plaintiff and<br>Appellant, |
| and | |
| MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.;<br>HOMECOMINGS FINANCIAL<br>NETWORK LLC f/k/a HOMECOMINGS<br>FINANCIAL NETWORK INC.; JOAN<br>L. ELLIOTT; and FEDERAL HOME<br>LOAN MORTGAGE CORPORATION<br>d/b/a FREDDIE MAC, | Third-Party Defendants. |

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JANINE KERN
Judge

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 29, 2014
OPINION FILED **07/23/14**

JEFFERY D. COLLINS
DANA VAN BEEK PALMER
Lynn, Jackson, Shultz & Lebrun, PC
Rapid City, South Dakota

Attorneys for plaintiff and appellee OCWEN Loan Servicing, LLC.


BRAD J. LEE
Beardsley, Jensen & Von Wald, LLC
Rapid City, South Dakota

Attorneys for defendant, counterclaimant, third-party plaintiff and appellant Raymond D. Elliott.

#26796

SEVERSON, Justice

[¶1.] Raymond Elliott defaulted on his mortgage. GMAC Mortgage (GMAC) sued to foreclose. The Seventh Judicial Circuit Court granted GMAC summary judgment on its right to foreclose. Elliott appeals. We affirm.

## Background

[¶2.] On December 7, 2006, Elliott executed and delivered a promissory note (Note) to Homecomings Financial, LLC, for $340,800, plus interest, to purchase a residence. The Note provided that the lender may transfer the Note and that anyone who takes it is entitled to receive payments. Elliott executed and delivered a mortgage that same day to Mortgage Electronic Registration System (MERS) as nominee for lender and lender's successors and assignees. The mortgage and the Note's physical document took divergent paths from the Note's somewhat complicated legal chain.

[¶3.] Shortly after the Note's execution, Homecomings sold it to its parent company—Residential Funding Company, LLC. On March 7, 2007, Residential sold the Note to GMAC. GMAC indorsed the Note in blank. GMAC notified Elliott by letter that it obtained his mortgage account and Note servicing. GMAC then sold the Note to Freddie Mac.

[¶4.] Freddie Mac placed the Note into an investment pooled trust. Freddie Mac pledged notes in the trust as collateral to other parties so those parties could receive a portion of the income stream. GMAC serviced the loan for Freddie Mac per a Master Agreement that provided GMAC's rights and responsibilities, among them:

-1-

> If the servicer is foreclosing on a Mortgage registered with the Mortgage Electronic Registration Systems, Inc. (MERS), the Servicer must prepare an assignment of the Security Instrument from MERS to the Servicer and instruct the foreclosure counsel or trustee to foreclose in the Servicer's name and to take title in Freddie Mac's name . . . .

[¶5.] MERS held the mortgage after its inception. MERS transferred the mortgage to GMAC on July 21, 2010, the date GMAC sued to foreclose.

[¶6.] GMAC Bank (Custodian) held the physical Note since February 22, 2007, after Homecomings sold the Note to Residential. Custodian is a separate entity than GMAC. Custodian and GMAC had in place a custodial agreement dated January 1, 2007, which authorized Custodian to "complete mortgage note endorsements with respect to specific mortgage loans that GMACM [GMAC] identifies in writing." Custodian transferred the physical Note to GMAC sometime after Elliott defaulted.[1]

[¶7.] Elliott defaulted around April 1, 2010. GMAC, as Freddie Mac's servicing agent, signified the loan was inactive. Freddie Mac removed the Note from the trust and placed it into its own portfolio.

[¶8.] On July 21, 2010, GMAC sued to foreclose. GMAC attached a copy of the Note to its complaint. That copy did not include GMAC's indorsements. Later, GMAC provided the circuit court with the Note that included its indorsements. GMAC claims they made a mistake by attaching the original, pre-indorsed, scanned Note to the complaint.

---

1. This transfer's exact time is not clear in the record. It is not disputed that as of Appellee's brief's date, the physical Note is in Lynn, Jackson, Shultz & Lebrun, P.C.'s safe, as agent, but remains in Freddie Mac's ownership.

[¶9.]     Preparing for litigation, Elliott moved to compel discovery about the Note's ownership. GMAC moved to have Ocwen Loan Servicing, LLC, (Ocwen) replace it as Plaintiff.[2] The circuit court heard the motions on June 17, 2013, and took them under advisement. GMAC and Elliott then both moved for summary judgment. The circuit court heard those motions on July 1, 2013. Ultimately, the circuit court found Freddie Mac was the Note's owner and GMAC was the Note's holder and servicer. The circuit court concluded that GMAC, as holder and servicer, had authority to enforce the Note. As a result, the circuit court granted GMAC's motion for summary judgment. The circuit court also granted GMAC's motion to substitute parties and denied Elliott's motion to compel.

[¶10.]     Elliott appeals, raising as issues: (1) Whether the circuit court erred by granting GMAC's motion for summary judgment, and (2) Whether the circuit court erred by denying Elliott's motion to compel.

## Standard of Review

[¶11.]     Our review of summary judgment is well-settled:

> We must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.

---

2.     During this action's pendency, GMAC filed for bankruptcy. Ocwen purchased GMAC's servicing rights. Further, GMAC assigned Elliott's mortgage to Ocwen. Ocwen is now the servicer of Elliott's mortgage and the mortgagee and holder of both the Note and mortgage.

*De Smet Farm Mut. Ins. Co. of S.D. v. Busskohl*, 2013 S.D. 52, ¶ 11, 834 N.W.2d

826, 831 (quoting *Brandt v. Cnty. of Pennington*, 2013 S.D. 22, ¶ 7, 827 N.W.2d 871,

874).

## Analysis

[¶12.]     **(1)     Whether the circuit court erred by granting GMAC's motion for summary judgment.**

[¶13.]     Elliott's principal argument is that GMAC lacked standing at the time

GMAC initiated foreclosure.  GMAC's general answer is that the Note's ownership

is irrelevant and that it had standing as holder and servicer.

[¶14.]     SDCL 57A-3-301 spells out who is entitled to enforce an instrument:

> "Person entitled to enforce" an instrument means (i) the holder
> of the instrument, (ii) a nonholder in possession of the
> instrument who has the rights of a holder, or (iii) a person not in
> possession of the instrument who is entitled to enforce the
> instrument pursuant to § 57A-3-309 or 57A-3-418(d).  A person
> may be a person entitled to enforce the instrument even though
> the person is not the owner of the instrument or is in wrongful
> possession of the instrument.

[¶15.]     Further, South Dakota's real-party-in-interest statute allows party

substitution after a lawsuit is filed:

> Every action shall be prosecuted in the name of the real party in
> interest.  A personal representative, guardian, conservator,
> bailee, trustee of an express trust, a party with whom or in
> whose name a contract has been made for the benefit of another,
> or a party authorized by statute may sue in his own name
> without joining with him the party for whose benefit the action
> is brought; and when a statute of the state so provides, an action
> for the use or benefit of another shall be brought in the name of
> the state.  No action shall be dismissed on the ground that it is
> not prosecuted in the name of the real party in interest until a
> reasonable time has been allowed after objection for ratification
> of commencement of the action by, or joinder or substitution of,
> the real party in interest; and such ratification, joinder, or

> substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

SDCL 15-6-17(a).

[¶16.]    Ultimately, at summary judgment, GMAC possessed and supported its motion with a properly indorsed bearer Note signed by Elliott, a mortgage signed by Elliott, and affidavits indicating Elliott's default.  Conclusively, there exists a basis which supports the circuit court's grant of summary judgment to GMAC on its right to foreclose.  *See, e.g.*, *Home Fed. Sav. & Loan Ass'n of Sioux Falls v. First Nat. Bank in Sioux Falls*, 405 N.W.2d 655, 657 (S.D. 1987) ("First Bank's summary judgment motion was supported by three affidavits and other evidence, including the note and mortgage signed by the executor and the consent/waiver signed by Jeanette.  This evidence established a prima facie right to foreclosure."); *Deutsche Bank Nat. Trust Co. v. Whalen*, 969 N.Y.S.2d 82, 84 (N.Y. App. Div. 2013) (stating "plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default").

[¶17.]    Elliott cites for authority *GMAC Mortgage, LLC v. Ford*, 73 A.3d 742, 751 (Conn. App. Ct. 2013).  There, the original promissory note was not attached to the complaint.  The plaintiff later provided it.  The Connecticut Appellate Court found no error, stating a "sworn affidavit averring that the mortgagee is the holder of the promissory note in question at the time it commenced the action" satisfied standing.  *Id.*  Elliott also cites for authority *McLean v. JP Morgan Chase Bank Nat. Ass'n*, 79 So. 3d 170 (Fla. Dist. Ct. App. 2012) (per curiam), *reh'g granted* (Feb. 8, 2012).  There, the original promissory note was not attached to the complaint because it was lost.  Further, the mortgage was assigned to plaintiff three days

after plaintiff filed the complaint and the affidavit filed by plaintiff was dated after the lawsuit was filed. Ultimately, the Florida District Court of Appeals reversed the summary judgment and final judgment of foreclosure because the "[plaintiff] failed to submit any record evidence proving that it had the right to enforce the note on the date the complaint was filed." *Id.* at 174. That court ordered remand for plaintiff to show it was the holder of the note on the date the complaint was filed. *Id.* at 175.

[¶18.] In this case, like *Ford* and unlike *McLean*, GMAC provided evidence that it had standing. In its complaint, GMAC provided the mortgage and Note, albeit an earlier, unindorsed version. But GMAC cured that defect by later providing the properly indorsed Note. Regardless, SDCL 15-6-17(a) would have allowed party substitution if necessary. But that was not necessary here, because ultimately, GMAC provided the unpaid bearer Note, mortgage, and evidence of default.

[¶19.] Elliott's other arguments relate to the Note's ownership, including Elliott's objection to the circuit court denying his motion to compel. But as spelled out in SDCL 57A-3-301, ownership is not required in order to enforce an instrument.

[¶20.] **Attorneys' Fees**

[¶21.] Appellee Ocwen moved for appellate attorneys' fees pursuant to SDCL 15-26A-87.3 in the amount of $8,573.28, supported by verified, itemized statements of costs incurred. Ocwen also cites SDCL 44-9-42, which allows attorney's fees in lien foreclosure actions: "The court shall have authority in its discretion to allow

such attorney's fees and receiver's fees and other expenses as to it may seem warranted and necessary according to the circumstances of each case, and except as otherwise specifically provided in this chapter." The Note also included a provision for payment of holder's costs and expenses in enforcing the Note: "If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." The mortgage contained a similar clause that requires "paying reasonable attorneys' fees to protect [lender's] interest in the Property and/or rights under this Security Instrument[.]"

[¶22.] Here, Ocwen's expenses on appeal in foreclosing this admittedly defaulted Note were warranted and necessary. We award Ocwen $8,573.28 in attorneys' fees.

## Conclusion

[¶23.] At summary judgment, GMAC provided a properly indorsed bearer Note and mortgage in its possession, evidence of Elliott's signature on those documents, and affidavits indicating Elliott's default. As a result, there exists a basis which supports the circuit court's grant of summary judgment to GMAC on its right to foreclose. We affirm.

[¶24.] GILBERTSON, Chief Justice, and ZINTER and WILBUR, Justices, and GERING, Circuit Court Judge, concur.

[¶25.] GERING, Circuit Court Judge, sitting for KONENKAMP, Justice, disqualified.