28 May 28, 2026 No. 456

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SISKIYOU PINES DEVELOPMENTS LLC,
an Oregon limited liability company,
*Plaintiff-Appellant,*

*v.*

CIVIL WEST ENGINEERING SERVICES, INC.;
Manny Ramos; the City of Cave Junction;
Meadow Martell; and Rebecca Patton,
*Defendants-Respondents.*

Josephine County Circuit Court
21CV35445; A182097

Robert S. Bain, Judge.

Argued and submitted April 11, 2025.

Nathan R. Morales argued the cause for appellant. Also on the briefs were Stoel Rives LLP and Rachelle D. Collins.

David M. Weitzman argued the cause for respondents Civil West Engineering Services, Inc. and Manny Ramos. Also on the brief were W. Scott Clement and Clement & Drotz, PLLC.

Casey S. Murdock argued the cause for respondents The City of Cave Junction, Meadow Martell and Rebecca Patton. Also on the brief was Frohnmayer Deatherage.

Before Shorr, Presiding Judge, Powers, Judge, and DeVore, Senior Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Plaintiff Siskiyou Pines Developments LLC brought this action asserting various tort claims against defendants the City of Cave Junction and two of its employees (collectively, the City) and Civil West Engineering Services, Inc. and one of its employees (collectively, Civil West). The trial court granted defendants' motions for summary judgment, and plaintiff appeals from the resulting general judgment dismissing all of its claims against defendants. We affirm.

"We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine disputes about any material fact and the moving party is entitled to judgment as a matter of law." *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021) (internal quotation marks omitted). In so doing, "we view the facts in the light most favorable to the nonmoving part[y]," here plaintiff, and we "examine whether no objectively reasonable juror could find in their favor on the question at issue." *Id.*

Plaintiff is a development company that purchased real property in Cave Junction to develop a residential housing subdivision. In May 2020, plaintiff advised the City that it was prepared to submit its final plat for approval. Civil West's role in the approval process was as a private corporation under contract with the City to perform "various professional engineering services * * * as directed by the City." The City required plaintiff to satisfy certain conditions before it would approve the final plat. In December 2020, frustrated by the City's continued refusal to sign off on the final plat, plaintiff filed a petition for writ of mandamus. In November 2021, the court issued a writ of mandamus requiring the City to sign off on the final plat, which the City did on December 9, 2021.[1]

The procedural history in this case overlaps with the mandamus action. On September 8, 2021, plaintiff filed a complaint against Civil West, asserting claims of negligence, negligent misrepresentation, and intentional

---

[1] The court's decision in the mandamus action was not appealed and, as a result, is not before us.

interference with prospective economic advantage (IIPEA). On March 1, 2022, plaintiff served the City with a tort claim notice pursuant to ORS 30.275 of the Oregon Tort Claims Act (OTCA). The notice did not identify Civil West or any of its employees. On June 22, 2022, plaintiff amended its complaint to add a claim of IIPEA against the City. The City and Civil West both moved for summary judgment on multiple grounds. The trial court granted summary judgment on several of those grounds, including, as relevant here: (1) on all claims against both defendants because plaintiff failed to provide timely tort claim notice; (2) on the negligence and negligent misrepresentation claims against Civil West because Civil West did not owe plaintiff a statutory duty for purposes of negligence; and (3) the IIPEA claims against both defendants because plaintiff failed to identify a sufficiently specific prospective economic relationship. Plaintiff appeals, assigning error to the trial court's grant of summary judgment on those three grounds.

Plaintiff's first assignment of error argues that the trial court erred in granting summary judgment on the basis that plaintiff failed to provide timely tort claim notice to the City and Civil West.[2] ORS 30.275(1) provides that "[n]o action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of the [OTCA] shall be maintained unless notice of claim is given." ORS 30.275(2)(b) requires that notice shall be given "within 180 days after the alleged loss or injury." The required notice can be satisfied in several ways, including, as asserted by plaintiff here, by giving formal notice of the claim, ORS 30.275(3)(a). Plaintiff bears "the burden of proving that notice of claim was given as required." ORS 30.275(7).

We begin with notice to the City. In its letter opinion, the trial court concluded that plaintiff's tort claim

---

[2] Plaintiff raises several assignments of error. Plaintiff's first assignment raises a jurisdictional issue so we start—and ultimately end—with that assignment. *See Kutz v. Lee*, 291 Or App 470, 480, 422 P3d 362 (2018) ("When a defendant asserts that a plaintiff's claims are subject to the OTCA and that the plaintiff failed to give timely notice, it raises a question of subject matter jurisdiction."). As explained further in this opinion, we conclude that plaintiff failed to give timely notice to the City and Civil West. As a result, the trial court lacked jurisdiction over plaintiff's claims and we do not need to reach plaintiff's other assignments of error.

notice to the City, delivered on March 1, 2022, was untimely because plaintiff failed to provide notice within 180 days of the alleged loss or injury pursuant to ORS 30.275(2)(b). One hundred and eighty days prior to plaintiff's delivery of notice to the City was September 2, 2021, during which time plaintiff's mandamus proceeding was pending. The parties do not appear to dispute that, during the pendency of the mandamus proceeding, the City did not have jurisdiction to approve the final plat,[3] and therefore, any injury accruing during that time could not be attributed to the City, and notice was not timely provided for any injury accruing prior to the filing of mandamus. However, on appeal, plaintiff argues that the trial court erred in concluding that its tort claim notice to the City was untimely, relying solely on its contention that the City engaged in a continuing tort that continued at least through the date it delivered its tort claim notice on March 1, 2022. *See Holdner v. Columbia County*, 51 Or App 605, 613, 627 P2d 4 (1981) ("[W]hen a continuing tort is involved, a notice of claim filed any time during the continuance of the conduct or within 180 days after its conclusion is necessarily timely."). That is, plaintiff effectively concedes that it provided timely tort claim notice only if defendants engaged in a continuing tort.

Assuming without deciding that plaintiff adequately preserved its "continuing tort" argument, we conclude that plaintiff failed to sufficiently allege or present a disputed issue of fact that defendants engaged in a continuing tort.[4] A party does not allege a continuing tort by so "[d]esignating a series of discrete acts, even if connected in design or intent." *Davis v. Bostick*, 282 Or 667, 674, 580 P2d 544 (1978). Rather, a continuing tort is "where either no single act gives rise to the tort claim or the plaintiff's harm can

---

[3] ORS 227.179(2) provides: "The governing body shall retain jurisdiction to make a land use decision on the application until a petition for a writ of mandamus is filed. Upon filing a petition under ORS 34.130, jurisdiction for all decisions regarding the application, including settlement, shall be with the circuit court."

[4] For its continuing-tort theory, plaintiff relies solely on the allegations in its complaint and a passing reference in its tort-claim notice. We assume without deciding that that created a sufficient factual record for the trial court to decide the issue on summary judgment. As we discuss, however, the allegations and tort-claim notice, even assuming their truth, do not provide the basis for a continuing tort as a matter of law.

be determined only at the end of a series of alleged wrongful acts based on the *cumulative* effect of the wrongful behavior." *Curzi v. Oregon State Lottery*, 286 Or App 254, 266, 398 P3d 977, *rev den*, 362 Or 175 (2017) (emphasis in original).

In its amended complaint, plaintiff defined "the Project" as plaintiff's plan "to obtain preliminary then final plat approval for the first phase of development of a subdivision, complete with all roads, sidewalks, and build-ready residential lots."[5] The complaint alleged that both defendants caused:

> "more than 24 months of delay of the Project and delayed the City's approval of the Final Plat by more than 12 months, which was signed by Defendant Patton on behalf of the City on December 9, 2021, and was later recorded in the deeds and records of Josephine County on December 15, 2021. The lost profits suffered by Plaintiff as a result is estimated to be $8,160,000."

Plaintiff also alleged actual damages in the amount of $330,000. Plaintiff's allegations and claims for lost profits and damages, as set forth in the complaint, relate to the approval of the final plat and not to conduct occurring after the approval.

However, plaintiff points us to the next section of the complaint. After alleging lost profits and damages resulting from the delay in final plat approval, plaintiff also alleges that, following recording of the final plat, the City continued to cause additional delays such as delaying permit approval for duplexes in the subdivision and charging excessive fees for those permits.

Those allegations do not constitute a continuing tort. In making the allegations of additional post-approval delays, which were not tied to the claim for lost profits or damages, plaintiff apparently sought to demonstrate the City's "improper" motivations and "personal enmity" toward plaintiff, rather than allege a continuing tort. Regardless of the apparent motivations, plaintiff did not allege a separate harm apart from the City's failure to approve the final plat.

---

[5] The same definition of the Project appears in plaintiff's original complaint against Civil West and plaintiff's opening brief on appeal.

Moreover, plaintiff's complaint framed the project as a plan to obtain "final plat approval for the first phase of development of a subdivision"—and not as completion of the subdivision in its entirety. The delay in final plat approval was separately actionable because plaintiff claimed that it had been harmed by that delay in the amount of $8,490,000 of lost profits and actual damages. *See Davis*, 282 Or at 672-73 (no continuing tort where misconduct was "separately actionable" and "each was capable of producing compensable harm"). This is not a continuing tort situation where "plaintiff's harm can be determined only at the end of a series of alleged wrongful acts." *Curzi*, 286 Or App at 266. Rather, plaintiff's allegations amount to "repetitious discrete torts which result in similar but separate injuries." *Holdner*, 51 Or App at 613.

Because plaintiff has not alleged a continuing tort, we agree with the trial court that plaintiff's notice to the City on March 1, 2022, was untimely because it was not made within 180 days after the alleged loss or injury pursuant to ORS 30.275(2)(b). One hundred eighty days prior to the notice, plaintiff's mandamus proceeding was still pending. During that time, the City did not have jurisdiction to approve the final plat. The trial court did not err in granting summary judgment for the City because plaintiff's tort claim notice was not timely.

We turn next to whether the trial court erred in concluding that plaintiff failed to give timely notice to Civil West. In its letter opinion, the trial court concluded:

> "It is not disputed that plaintiffs never gave [Civil West], as agents for the city, a tort claim notice. Plaintiff did give notice to the Cave Junction defendants on March 1, 2022. Whether notice to the Civil West defendants was necessary as agents of the public body, the court does not need to decide because the notice that was given was untimely."

On appeal, plaintiff contends that the trial court erred in granting summary judgment for Civil West based on lack of timely notice without first determining whether Civil West was an agent of the City, because if they were not, then plaintiff was not required to provide them with any notice under the OTCA. Civil West appears to agree that the trial court erred in not expressly determining whether Civil West was

the City's agent, but argues that we can nevertheless affirm because there were no disputed issues of fact on that issue.

It is not entirely clear to us that the trial court skipped a step as the parties assert,[6] but regardless, we conclude that the court did not err in granting summary judgment because Civil West argued and presented facts that they were agents and those facts were undisputed. *See Ziebert v. Sun Valley Lumber, Inc.*, 198 Or App 162, 170 n 5, 107 P3d 668, *rev den*, 339 Or 66 (2005) (affirming summary judgment on an alternative basis that was argued below and presented again on appeal). ORS 30.275(1) requires a plaintiff to give notice to an "agent of a public body." In its motion for summary judgment, defendant Civil West presented facts to support its assertion that it was "undisputed that [Civil West] and [its employee Ramos] were agents of the City," entitled to receive timely tort claim notice under the OTCA, and that no notice has ever been served upon Civil West. Plaintiff then had the burden of producing sufficient evidence to create a genuine factual dispute on that issue. *See Sharma v. Providence Health & Services-Oregon*, 289 Or App 644, 656, 412 P3d 202, *rev den*, 363 Or 283 (2018) (explaining that under ORCP 47 C, plaintiff "had the burden of producing evidence on any issue that defendants raised in their summary judgment motions"). Plaintiff failed to do so.[7] In the trial court, plaintiff did not address, dispute, or produce any evidence to create a genuine factual dispute on the issue of whether Civil West was the City's agent.[8] Given that failure and the trial court's finding that

---

[6] A plausible alternative interpretation of the trial court's ruling is that it acknowledged that Civil West was an agent of the City, noted that Civil West had not been provided with separate notice, apart from the formal notice that plaintiff provided the City, and then declined to decide whether plaintiff was required to provide Civil West with its own separate notice because the notice provided to the City was nevertheless untimely.

[7] In its response to defendants' motions for summary judgment, plaintiff argued only that its claims were timely because House Bill (HB) 4212 (2020) tolled the statute of limitations until June 30, 2022, for claims accruing during the COVID-19 pandemic. The trial court correctly rejected that argument, and plaintiff does not reprise it on appeal. *See Yeager v. Montgomery*, 331 Or App 263, 266, 546 P3d 10 (2024) (concluding that the extended statute-of-limitations period in HB 4212 ended on December 31, 2021).

[8] At oral argument on appeal, plaintiff agreed that it had not expressly disputed that Civil West was an agent of the City in the summary judgment proceeding.

no timely notice was ever provided to Civil West, the trial court did not err in granting summary judgment for Civil West on the tort claim notice issue. *See* ORCP 47 D (providing that if the party opposing summary judgment does not "set forth specific facts showing that there is a genuine issue as to any material fact \*\*\*, the court shall grant the motion, if appropriate").

The trial court's grant of summary judgment in favor of the City and Civil West based on untimely tort claim notice disposed of all claims against both defendants. Because we affirm that grant of summary judgment, we need not reach plaintiff's remaining assignments of error that challenge the trial court's summary judgment rulings dismissing individual legal claims. The trial court did not err in dismissing plaintiff's claims against defendants.

Affirmed.